IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MELVIN SMITH and STAN FOWLER,

    Plaintiffs,

v.  No. 15-cv-1153

AUTO-OWNERS INSURANCE COMPANY,

    Defendant Insurance Corporation.

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Auto-Owners Insurance Company, by and through counsel, Modrall, Sperling, Roehl, Harris & Sisk (Jennifer G. Anderson and Megan T. Muirhead), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of this action from the Fifth Judicial District Court of the State of New Mexico, County of Lea to the United States District Court for the District of New Mexico. As stated below, this Court has subject matter jurisdiction over this action because diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). In support of this removal, Auto-Owners states as follows:

1. On November 16, 2015, Plaintiffs filed a Complaint for Breach of Underinsured Motorist Insurance Contract and Torts against Auto-Owners in the Fifth Judicial District, County of Lea, State of New Mexico titled *Melvin Smith and Stan Fowler v. Auto-Owners Insurance Company,* and assigned case number D-506-CV-2015-01102. A true and correct copy of the Complaint, as well as all other documents filed in the Second Judicial District Court, is attached hereto as **Exhibit A**.

2. Auto-Owners received service of the Complaint on November 23, 2015.

3. Removal of this action is timely pursuant to 28 U.S.C. § 1441 and § 1446(b) as it is filed within 30 days after service of the Complaint.

## The Procedural Requirements For Removal Have Been Satisfied

4. The United States District Court for the District of New Mexico is the Federal Judicial District encompassing the Fifth Judicial District Court for Bernalillo County, New Mexico, where this lawsuit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

5. Copies of the Complaint, Summons, and all other pleadings filed in the Second Judicial District Court are attached hereto as **Exhibit A**.

6. A copy of this Notice of Removal is being served on counsel for Plaintiff and filed with the Clerk of the Fifth Judicial District Court for Lea County, New Mexico, as provided by 28 U.S.C. § 1446(d).

7. Consent of all defendants who have been served is required to properly effectuate removal. *See* 28 U.S.C. §1446(b)(2)(A) (providing that "all defendants who have been properly joined and served must join in or consent to the removal of the action"). The only defendant named in this case is Auto-Owners Insurance Company. The consent of another defendant is therefore unnecessary for removal.

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

9. Under the applicable provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b) and other applicable statutes, with which Auto-Owners has complied, this cause of action is removable to the United States District Court for the District of New Mexico.

## This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332

### Complete Diversity of Citizenship Exists

10. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides for original jurisdiction over lawsuits where there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000); *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006).

11. Upon information and belief, Plaintiffs are, and were at the time this suit was filed, a citizen of the State of New Mexico. **Exhibit A**, Complaint ¶ 1.

12. Auto-Owners is, and was at the time Plaintiff commenced this action, an insurance group headquartered in Lansing, Michigan. The principal place of business for Auto-Owners is Lansing, Michigan. Accordingly, Auto-Owners is not a citizen of the State of New Mexico for diversity purposes.

13. Thus, there is complete diversity of citizenship between Plaintiff and Defendant as required by 28 U.S.C. § 1332.

### The Amount in Controversy Exceeds $75,000

14. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

15. Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying matter. *See, e.g.*, *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). A defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold.  *See Graham v. Troncoso,* 2015 U.S. Dist. LEXIS 46606, *18 (D.N.M. Mar. 30, 2015) (Browning, J.) citing *Dart Cherokee Basin Operating Co. v. Owen,* 135 S.Ct. 547, 554 (2014).

16. Here, Plaintiffs claim that the applicable UIM policy coverage is $1,000,000. Complaint, ¶ 11.  Plaintiffs assert claims for breach of contract, *Id.*, ¶¶ 1-27; punitive damages, *Id.*, ¶¶ 28-34; bad faith, misrepresentation and fraud, *Id.*, ¶¶ 35-58; and declaratory judgment, ¶¶ 59-60.  Plaintiffs further claim that the damages they have incurred include (1) past and future loss of earnings, (2) expense of past and future medical care, (3) value of past and future non-medical expenses, (4) damages for their injuries, (5) pain and suffering, (6) loss of enjoyment of life, (7) aggravation of preexisting ailments or conditions, (8) loss of services to others, (9) emotional distress, (10) litigation expenses including attorneys' fees, (11) incidental and consequential damages, and (12) punitive damages.

17. Based on these claims, Auto-Owners has made a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Graham*, *18 citing *Dart Cherokee* at 554.  In the event Plaintiff or the Court question the plausibility of the amount in controversy, Auto-Owners will submit outside evidence for the Court's consideration.  "The district court should consider outside evidence and find by a preponderance of the evidence whether the amount in controversy is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegations."  *Id.*

18. While Auto-Owners disputes Plaintiffs' claims raised in their Complaint, amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied, and this case is appropriate for removal.

4

**Conclusion**

19. Auto-Owners has satisfied all requirements for removal and reserves the right to amend this Notice of Removal.  If any questions of the propriety of this removal should arise, Auto-Owners requests the opportunity to present a brief and argument in support of this removal.

WHEREFORE, Defendant Auto-Owners respectfully requests that this Court assume full jurisdiction over the action as provided by law.

        Respectfully submitted:

        MODRALL, SPERLING, ROEHL,
         HARRIS & SISK, P.A.

        *Electronically Filed*

        By: */s/ Jennifer G. Anderson*
           Jennifer G. Anderson
           Megan T. Muirhead
           *Attorneys for Auto-Owners Insurance Company*
           P. O. Box 2168
           Albuquerque, NM 87103-2168
           (505) 848-1800
           Fax (505) 848-9170

I HEREBY CERTIFY that on the 18th day of December, 2015, I filed the foregoing electronically through the CM/ECF system.

AND I FURTHER CERTIFY that on such date I served the foregoing on the following counsel via e-mail:

Frederick H. Sherman, Attorney for Plaintiffs (fredericksherman@gmail.com)

MODRALL, SPERLING, ROEHL,
 HARRIS & SISK, P.A.

By: */s/ Jennifer G. Anderson*
    Jennifer G. Anderson

Y:\dox\client\84938\0006\PLEADING\W2598638.DOCX