FILED IN MY OFFICE
DISTRICT COURT CLERK
11/16/2015 4:21:28 PM
NELDA CUELLAR
Nora Flores

**FIFTH JUDICIAL DISTRICT COUNT**
**COUNTY OF LEA**
**STATE OF NEW MEXICO**

**MELVIN SMITH and STAN FOWLER,**
     **Plaintiffs,**

v.                                                        ~~D-506-CV-2015-~~

**AUTO-OWNERS INSURANCE COMPANY,**              D-506-CV-2015-01102
     **Defendant Insurance Corporation.**        Case assigned to Shoobridge, William G. W.

## COMPLAINT FOR BREACH OF UNDERINSURED MOTORIST INSURANCE CONTRACT AND TORTS

**COMES NOW** the Plaintiffs, Melvin Smith and Stan Fowler by and through their

attorneys, Sherman & Sherman (Frederick H. Sherman), and for a complaint STATE:

### COUNT I: BREACH OF CONTRACT

1.     The Plaintiffs are residents of Lea County, New Mexico.  Auto-Owners Insurance

Company's ("AOI") home office is in Lansing, Michigan and is a for profit insurance company,

insuring automobiles with agents in 26 states throughout the United States and offering coverage

in all states.  It issued a commercial policy in Iowa covering the Plaintiffs for underinsured

motorist coverage ("UIM"), which is stated by the defendant to be primary.  Jurisdiction exists

under New Mexico's long arm statute NMSA 1978, § 38-1-16(A), as the place of the collision

giving rise the insurance claims against the tortfeasor and for Plaintiffs' first party UIM

coverage.

2.     The policy of AOI as to vehicles which have accidents in other states, including

New Mexico, are covered under its policies under the clause of the policy denominated as the

**"FINANCIAL RESPONSIBILITY AND COMPULSORY INSURANCE LAWS"** stating:

> "While an **auto** to which this insurance applies is subject to laws of another state
> or Canada, **we** will:
>      1.     increase the limits of insurance for Liability Coverage to
> comply with the minimum requirements of a financial responsibility or

**EXHIBIT A**

compulsory insurance law of the jurisdiction where such **auto** is being operated, and

   2.  Afford the minimum amounts of the types of mandatory coverage's required by the jurisdiction where such **auto** is being operated."

  3.  By this clause in its policy, relied upon by its insureds', AOI has incorporated the financial responsibility or compulsory insurance law of New Mexico, including UIM coverage as intended by the legislature and public policy of New Mexico.

  4.  AOI admitted to jurisdiction by facilitating insurance coverage to operate in New Mexico under NMSA 1978, § 66-5-205, which requires such coverage for any vehicle using the streets and highways of New Mexico; and as set forth in NMSA 1978, §§ 66-5-103 and 66-5-104 for service; NMSA 1978, § 66-5-201 through 66-5-239 and as incorporated for uninsured or underinsured motorists claims; and NMSA 1978 § 66-5-301 with the underlying policy to compensate persons injured through no fault of their own, by uninsured or inadequately insured motorists to put an injured insured in the same position he would have been in had the tortfeasor had liability coverage in the amount equal to the underinsured motorist protection purchased for the insured's benefit. NMSA 1978, Section 66-5-301(A) (Repl.Pamp.1989) requires that an insurance policy contain uninsured motorist coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury * * * death * * * or destruction of property." Compulsory uninsured motorist coverage is "to protect the insured against the financially irresponsible motorist, not to protect the insurance company." *Id.*

  5.  AOI also sold liability insurance to protect the Plaintiffs if they committed a tort in New Mexico and would have defended the policy holder in New Mexico for such a claim where the collision occurred in New Mexico. Before any settlement was consummated, AOI required approval of the policy limits of the tortfeasor.

6.     AOI chose to sell its product, including the UIM insurance policy and liability policy, in a way which covered its insured vehicle use in other states, including New Mexico, and cannot reasonably claim this foreseeable event was a surprise when held to answer in any state for the damage covered by its insurance policy. AOI has manifestly availed itself of the privilege of conducting business in New Mexico by its insureds and the location of potential witnesses as to the collision in New Mexico to satisfy minimum contacts.

7.     AOI *purposefully* avails itself of the privilege of conducting activities within New Mexico, invoking the benefits and protections of its laws in order to sell its insurance contracts which would cover each of its' policy holders as to any collision in the State of New Mexico.

8.     On 07-17-2012, Plaintiffs were on a business trip traveling in Deming, New Mexico when they stopped for a vehicle in front of them (first vehicle) who was stopped for traffic and Plaintiff's vehicle (second vehicle) was rear-ended by a third vehicle. The Plaintiffs were injured due to no fault of their own.

9.     Liability was clear, due to failure to yield the right of way by the third vehicle, who was carelessly and recklessly driving while texting on his cell phone and not watching what was in front of him, when he crashed into the vehicle occupied by the Plaintiffs, shoving the Plaintiff's vehicle into the first vehicle. The tortfeasor did not engage in any braking prior to the collision. It was a clear and sun lit day.

10.    When policy limits were offered by the tortfeasor, the Defendant agreed to accept policy limits for such collision, as was offered in payment to Plaintiffs in the sum of $46,268.90 for Stan Fowler and $26,731.10 for Melvin Smith, totaling $100,000 policy limits after $27,000 settlement with the first vehicle located in front of the Plaintiffs and also injured due to the tortfeasor.

11.     The UIM coverage territory is the entire United States, in the amount of $1,000,000, UIM coverage from AOI with the face sheet, attached hereto as exhibit "1". Both Plaintiffs are covered under such UIM policy.

12.     Damages within policy limits were submitted to AOI on May 15, 2015.

13.     On May 27, 2015, AOI acknowledged the settlement demands by Melvin Smith and Stanley Fowler and stating, "[a]t this time we are not able to meet your demands for either client. Should you choose to pursue the underinsured motorist claims further, please proceed as you see fit and take the necessary steps to do so. If you have any questions please feel free to contact me." (Attached hereto as exhibit "2")

14.     Within an hour and a half, a question was asked by Plaintiffs attorney, a copy of which is attached hereto as exhibit "3":

> "Is your insurance company going to give a reason for denial of all claims and coverage? As discussed prior to this decision, these claims are subject to negotiation and I will request whether my clients are receptive to arbitration if the insurance company is so inclined. I will assume 5 days would be sufficient to answer these questions unless an extension is requested for a reasonable time stated in the request otherwise the decision would require filing suit."

15.     The next day on May 28, 2015, a response was received from AOI, a copy of which is attached hereto as exhibit "4", stating: "Auto Owners does not agree to arbitration so suit would have to be filed. We aren't denying all claims and coverage, we do not feel we can meet the high settlement demand you are asking for so it is not worthwhile for us to make an offer when we would be so far apart."

16.     In response to AOI's email on July 31, 2015, it required its customer and policy holder to go to the expense and aggravation of filing a lawsuit in order to get AOI to make an offer it believed was appropriate and otherwise negotiate with its policy holder.

17.     A response was sent to AOI on Sep. 14, 2015, requesting whether AOI would agree to mediation in order to arrive at a fair settlement to all parties and to avoid litigation expenses that could better go for resolving the case by an early settlement which would avoid the necessity of filing suit.

18.     On Sep. 15, 2015, AOI refused to mediate, a copy of which is attached hereto as exhibit "5".

19.     The Plaintiffs otherwise have met all the requirements to file suit against AOI, which has breached its contract with the Plaintiffs by requiring the Plaintiffs to file suit in order to negotiate with its customer and insured. AOI's requirement to sue waived any further term for the right to sue AOI under its policy. *See* Policy VI D2 p. 28.

20.     AOI has an absence of any reasonable basis for denying benefits of the policy, and declined giving any explanation to its insured so any other questions could be resolved and the claim could be settled.

21.     AOI reviewed the claim up and down its chain by those in charge of authorizing settlements by investigating or reviewing only 12 days, less the weekends, reflecting no serious consideration and without properly being reviewed in order to settle the claim within policy limits.

22.     AOI refused to consider any additional information and implied any additional claim—if one were submitted—would be denied.

23.     AOI failed to process a claim without a reasonable basis for such action.

24.     AOI arbitrarily denied coverage to delay payment of a claim to its insureds.

25.     AOI has a fiduciary duty owed to its insureds, and breached its fiduciary duty and its obligation of good faith incorporated in every contract, to timely investigate and fairly evaluate the claims of the each of the Plaintiffs, and it did not conduct a competent investigation

of the claims and honestly and fairly balance its own interests and the interest to the insureds by refusing any further evaluation of the claims to resolve the claims within policy limits; and required the Plaintiffs to file suit without asking for any further information so that the claims could be resolved. Such refusal was in bad faith and a breach of its duty of good faith implied in its contract to insure the Plaintiffs.

26.     The Plaintiffs have uneven bargaining power as an insured with the insurer, AOI, which required coverage through its contracts of adhesion, which is imbued with the public interest; inherently unequal bargaining power between the insurer and insured, which persists throughout the parties' relationship and becomes particularly acute when the insured sustains a physical injury or economic loss for which coverage is sought, giving rise to a duty to settle claims without litigation, in appropriate cases such as this case.

27.     As a proximate and foreseeable result of AOI's actions of such refusal to negotiate in good faith without filing a lawsuit, the Plaintiffs' have incurred damages as follows:

> a.     Loss of earnings and the present cash value of earning capacity reasonable certain to be lost in the future.
>
> b.     Reasonable expense of necessary medical care, treatment and services received and the present cash value of the reasonable expenses of medical care, treatment and cervices reasonably certain to be received in the future.
>
> c.     The reasonable value of any necessary nonmedical expenses which have been required as a result of the injury and the present case value of such nonmedical expenses reasonably certain to the required in the future.
>
> d.     Damages for the nature, extent and duration of the injuries.
>
> e.     The pain and suffering experienced and reasonably certain to be experience in the future as a result of the injury

f. Loss of enjoyment of life experienced and reasonable certain to be experienced in the future as a result of the injuries.

g. Any aggravation of any preexisting ailments or conditions which will create pain and suffering in the future.

h. Losses of services to others and the present cash value of service to other reasonably certain to be deprived in the future.

i. The emotional distress of each plaintiff due to the loss of the society, guidance, companionship and sexual relations resulting from the injuries suffered in this collision.

j. Litigation expense including attorneys fees, been denied compensation for damages suffered and covered under the policy.

k. The amounts of any incidental or consequential loss to the Plaintiffs which the insurance company and the policy beneficiaries could reasonably have expected to be a consequence of the insurance company's failure to perform its obligations under the insurance policy.

l. Punitive damages due to the reckless nature of the collision covered under UIM coverage by its contract, as set forth paragraphs 2 and 3 above.

**WHEREFORE IT IS PRAYED** the Plaintiffs be awarded damages due to AOI breaching its' contract under the New Mexico UIM statutes, incorporated in the insurance contract issued by the Defendant, including the collisions in the State of New Mexico that is the subject matter of the insurance contract, and for all their damages, including interest at 15% and for such other and further relief as the Court deems just.

## COUNT II: PUNITIVE DAMAGES UNDER THE CONTRACT

28. All the pleadings herein are incorporated by reference.

29.    AOI breached its duty of good faith by:

    a.    intentionally refusing to offer any basis for why there was no amount it could offer within policy limits;

    b.    intentionally refusing to state what its belief was in the value of the claims with an explanation of how it arrived at its value  so the Plaintiffs could provide information needed;

    c.    intentionally discounted the values and claims of its insured without any explanation;

    d.    intentionally breached its duty to settle claims without litigation and without explanation;

    e.    deceiving the Plaintiffs as it insured, by failing to state material facts if doing so deceives or tends to deceive its insureds;

    f.    violating its duties to its insured in unfairly taking advantage of its insureds lack of knowledge;

30.    AOI's failure, to pay Plaintiff insureds' claim in any amount, or tender the amounts it believed was reasonable, is unreasonable and wrong.  Particularly in pressuring the Plaintiffs to file an expensive, lengthy, and time consuming litigation, as required by AOI in refusing to arbitrate the issues to avoid litigation, and refusing to mediate the issues knowing they would likely have to mediate in any court proceeding after suit was filed.

31.    AOI willfully breached its insurance contract with its insureds by intentionally failing to act reasonably under the circumstances, to conduct a timely and fair investigation and evaluation of the Plaintiffs' legitimate claims for benefits under the terms of Plaintiff's policy with AOI.

32.     A direct, proximate and foreseeable result of AOI's willful breach of its contract under its uninsured motorist coverage, paid for the benefit of the Plaintiffs legitimate first-party claims, Plaintiffs' have suffered pecuniary losses, non-pecuniary losses and damages, all in amounts to be proven at trial.

33.     AOI's actions as alleged herein with respect to the investigation, evaluation, payment of Plaintiffs' legitimate policy claims and violation of its good faith and fiduciary obligations owed to its insureds, were wanton, malicious, intentional, and in reckless disregard for Plaintiffs' rights, amounting to a willful, malicious and bad faith breach of its contractual duties and obligations under its' insurance contract with its' insureds for the Plaintiffs, thereby entitling Plaintiffs to an award of punitive damages from the collision and in amounts sufficient to punish and deter AOI from similar conduct in the future, as well as an award of attorney fees under the common law and part of punitive damages.

34.     It is believed that AOI has a pay-for-performance program incentivized to deny the Plaintiffs' claim or approach the claim with the goal of denying it, because the denial would reflect favorably on its claim severity metrics and result in additional pay for AOI employees.

**WHEREFORE IT IS PRAYED** the Plaintiffs be awarded compensatory and punitive damages for the reckless acts of AOI under the policy, including interest at 15% and for such other and further relief as the Court deems just.

## COUNT III: COMPLAINT FOR BAD FAITH, MISREPRESENTAION AND FRAUD

35.     All the pleadings herein are incorporated by reference.

36.     As a way of selling its' insurance, AOI misrepresented its coverage under its policy, knowing its' customers would rely upon such statements, which are set forth as:

    a.  As receiving "the highest rankings in claims service".

    b.  As "having reputation of being The 'No Problem' People®".

c.  "[P]roviding Super Outstanding Service to our policyholders".

d.  "ready to assist you with your car insurance needs"

e.  "[W]e firmly believe in the value of dealing with each insured through personal contact with company claim representatives" to provide a wide range of coverages they need out on the road" and will "help you navigate the often-confusing business auto insurance landscape....to make sure that your commercial car insurance policy effectively protects your business.

f.  "When you call an Auto-Owners independent agent, you can be confident that you are working with an auto insurance specialist that has your interest in mind."

g.  **"No Problem®" Commercial Claims Service.**  Since 1916, Auto-Owners Insurance has been dedicated to providing superior customer service. Our goal is to be recognized as the best provider of claims service in the insurance industry, and we are committed to helping you file commercial car insurance claims as quickly and easily as possible."

h.  "The friendly Auto-Owners independent agent in your community will be happy to help you find the right commercial auto insurance policy for your business. They assist you in determining which combination of coverage options will protect your business .... to provide a wide range of coverages they need out on the road."

i.  **"Commercial Car Insurance.**  Independent Auto-Owners insurance agents help you navigate the often-confusing business auto insurance landscape. Our independent agents are here to make sure that your commercial car insurance policy effectively protects your business. Your independent agent will work with you closely to determine which coverage options are appropriate for your needs. When you call an Auto-Owners independent agent, you can be confident that you are working with an auto insurance specialist that has your interest in mind."

     j.   **"Broad, flexible protection for you and your automobile"**, knowing its customers would rely on such statement to buy the policy, which was reasonably relied upon by its insured;

     k.   **"No Problem"® Car Insurance Claims Service.** If you're involved in an accident, rest assured that you have Auto-Owners Insurance in your passenger seat. Our award-winning auto insurance claims service, our auto insurance agents and claims specialists are prepared to handle your car insurance claims and get you back on the road as quickly and efficiently as possible."

     l.   "An independent, local auto insurance agency will facilitate personal, timely claims services and be there when you need them."

     m. All of these statements are made in conjunction with the strong financial ability to make them happen, and stating it has "over $16.7 billion in combined assets".

    37.    When the Plaintiff Smith contacted his agent, he was referred to AOI offices until the claim with the tortfeasor was completed.

    38.    After settlements for policy limits were accepted by the Plaintiffs, AOI was requested to afford UIM coverage under Plaintiffs' policy.

    39.    The above representations by AOI are false and misleading based on the facts as set forth in the emails from AOI when claims were made, when compared to the above statements to get people to purchase its' policies.

    40.    AOI knowing or recklessly disregarded any reasonable basis for denying the Plaintiffs claims by refusing to answer questions why AOI refused to consider any damages available under its policy, so they could obtain that information or from attempts to mislead or deceiving its policy beneficiaries, and by taking advantage of the vulnerable position of its insureds.

41.     The policy purchased was more than financial security, it was purchasing peace of mind; and the extra remedy of bad faith is needed to insure Plaintiffs covered by the policy would receive the benefit of the bargain.  The actions of AOI are wrongful and in bad faith, needing an adequate remedy for AOI's wrongful conduct.

42.     The actions of AOI have been with malice, fraud, recklessness, or based on illegal acts and constitute willful and wanton disregard for the rights or safety of others, including the Plaintiffs, from intentional acts that were unreasonable and in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow.

43.     These acts are with conscious indifference to the consequences for its' ill will and tortuous conduct and AOI should be liable for punitive damages.

44.     Multiple reviews of the claim, and continued denial of a valid claim in the face of documentation showing the consequences of its failure to cover the claim, constitutes clear, convincing, and satisfactory evidence of willful and wanton behavior by AOI, which violates the common-law cause of action against AOI for bad-faith denial or delay of insurance benefits.

45.     The acts of AOI were in bad faith and were in reckless disregard of the interests of the Plaintiffs, or was based on a dishonest judgment, or was otherwise malicious, willful, wanton or reckless, such that punitive damages should be awarded, taking into account all the circumstances, including the nature of the wrong and such aggravating circumstance as may be proven at trial.

46.     AOI's knowledge, or reckless disregard of the lack of a reasonable basis for denying the claim, makes it responsible for the tort of bad faith in first-party situations in which the dispute involves the insured's right to recover under the policy.

47.     AOI has indicia of a fiduciary relationship under the AOI policy, by the inequality of the parties; and the dependence of one person upon another.

48.     AOI's acts are a violation of common law fraud, negligent or intentional misrepresentation and fraudulent inducement based on Plaintiff's reasonable expectations of an ordinary layperson who would believe the representations of AOI, or attributable to AOI at the time the policy was purchased and issued, which fostered the Plaintiff's reasonable expectations.

49.     The acts of AOI in refusing to negotiate the damages after admitting liability under the policy and after refusing to articulate any facts or reasons for requiring filing suit from its investigation in twelve days or less, reflects a reckless disregard of a lack of a reasonable basis for denial, or a reckless indifference to facts or to proof submitted by its insureds, requiring a duty explain and duty not to deceive, mislead, or conceal with dishonesty against its insureds. A reasonable insurer, proceeding under the facts and circumstances that a proper investigation would have revealed, would not have denied payment of the claim.

50.     AOI had a duty not to act so as to interfere with, obstruct, delay, defeat, minimize or diminish Plaintiffs' rights to receive the full benefits of their policy.

51.     Irrespective of any actual duty to pay, the actions of AOI during the claim handling process, especially its immediate, unfounded and unreasonable denial of Plaintiffs' claims without a full, fair and impartial investigation of the claims, violated AOI's fiduciary duties of good faith, fair and honest treatment and equal consideration owed to Plaintiffs.

52.     AOI intentionally violated its duty of good faith and fair dealing including its fiduciary duties and /or in bad faith failed to act reasonably under the circumstance to conduct a timely and fair investigation and evaluation of Plaintiff's legitimate policy claims.

53.     The Defendant, to date, has not presented any evidence and refuses to provide any reasonable reason why AOI will not consider any claims within its policy limits and such acts of AOI are unreasonable.

54.    The Defendant failed to conduct a prompt, impartial and fair investigation of the Plaintiffs' claims and refused its fiduciary obligation to give Plaintiffs interests' equal consideration during the course of that investigation.

55.    The Defendant's investigation was deliberately intended to solely find some reason or pretext to support a denial of Plaintiffs' claims rather than trying to impartially find facts supporting Plaintiff's claims.

56.    The Defendant deliberately, willfully and/or recklessly violated its fiduciary duty of good faith and fair dealing by refusing to attempt any settlements denying Plaintiffs' legitimate claims in bad faith willfully, maliciously and/or recklessly misrepresented material policy provision in denying Plaintiff's legitimate claims and requiring Plaintiff's to file a lawsuit before any negotiation would take place.

57.    As a direct and proximate result of AOI's breach of its covenant of good faith and fair dealing, fair and honest treatment and bad faith failure to promptly, fairly and in good faith investigate Plaintiffs' legitimate first party claims as well as its willful refusal in bad faith to pay Plaintiffs' legitimate claims for first party insurance benefits under its policy, Plaintiffs have suffered pecuniary, and/or non-pecuniary losses and damages in amount to be proven at trial.

58.    As a direct and proximate result of AOI's breach of its covenant of good faith and fair dealing, fair and honest treatment, and equal consideration during the claim handling process, Plaintiffs were deprived of the peace of mind and security under the contract of insurance and irrespective of any contractual duty to pay, thereby causing Plaintiffs to suffer pecuniary and/or non-pecuniary compensatory damages and losses as a result thereof, in amounts to be proven at trial.

**WHEREFORE IT IS PRAYED** the Plaintiffs be awarded damages against the Defendant for all their damages and for punitive damages due to its reckless and intentional acts

of fraud, acts of misrepresentation, plus interest at 15% and for such other and further relief as the Court deems just.

## COUNT IV: FOR A DECLARATORY JUDGMENT

59.     All the pleadings herein are incorporated by reference.

60.     A Declaratory Judgment is appropriate pursuant to NMSA 1978, §§ 44-6-1 et seq., as to an actual controversy to declare rights, status and other legal relations whether or not further relief is or could be claimed.

**WHEREFORE IT IS PRAYED** the Plaintiffs prayers for relief under the Declaratory Judgment Act be granted as may be appropriate, and for such other and further relief as the Court deems just.

Respectfully submitted,

SHERMAN & SHERMAN

Frederick H. Sherman
210 South Silver Avenue
Deming, New Mexico 88030-3716
(575) 546-8846
(575) 546-8847 FAX
fredericksherman@gmail.com

# *Auto-Owners*

Page 1

79041 (04-95)
Issued 08-04-2011

(MUTUAL) INSURANCE COMPANY
6101 ANACAPRI BLVD., LANSING, MI 48917-3999

TAILORED PROTECTION POLICY DECLARATIONS

Renewal Effective 10-01-2011

AGENCY  STANTON-INGERSOLL AGENCY INC
04-0307-00    MKT TERR 013    (309) 734-2171

POLICY NUMBER  43-033-168-00

INSURED  PRINCIPAL MOBILITY INC
C/O GALEN L SMITH

Company Use  07-46-IA-0110

ADDRESS
6733 NORTHWEST BLVD
DAVENPORT IA  52806-1558

| Company Bill | POLICY TERM |
|---|---|
| | 12:01 a.m.    12:01 a.m. |
| | to |
| | 10-01-2011   10-01-2012 |

In consideration of payment of the premium shown below, this policy is renewed.  Please attach this
Declarations and attachments to your policy.  If you have any questions, please consult with your agent.

COVERAGE                                                                    TERRITORY

## GARAGE LIABILITY COVERAGE

GARAGE LIABILITY COVERAGE - Limits of Insurance

| COVERAGES | LIMITS | | |
|---|---|---|---|
| General Aggregate (Other than Products-Completed Operations and Auto) | $ 1,000,000 | | |
| Products-Completed Operations Aggregate | $ 1,000,000 | | |
| Personal Injury and Advertising Injury | $ 1,000,000 | | |
| Damage To Premises Rented To You (Fire Damage) | $ 50,000 any one premises | | |
| Combined Bodily Injury and Property Damage Liability | $ 1,000,000 each occurrence | | |
| Auto Medical Payments | $ 5,000 each person | | |
| Medical Payments | $ 5,000 each person | | |
| Uninsured Motorist | $ 1,000,000 each person /$ | 1,000,000 each occurrence | |
| Underinsured Motorist | $ 1,000,000 each person /$ | 1,000,000 each occurrence | |

ITEM DETAILS: Twice the "General Aggregate Limit", shown above, is provided at no additional charge for each
12-month period in accordance with form 89700. Audit is Annual. Entity is a Corporation .

Additional Insured - Bldg/Landowner

| COVERAGES | PREMIUM |
|---|---|
| See Form 89870 | $117.00 |
| TERRORISM COVERAGE | .59 |
| TOTAL | $117.59 |

Additional Forms For This Coverage: 89870 (09-05)

ITEM DETAILS: Number of additional insureds - 1. See form 89870 for a list of additional insureds.



PLAINTIFF'S
EXHIBIT

AUTO-OWNERS INSURANCE COMPANY
AUTO-OWNERS LIFE INSURANCE COMPANY
HOME-OWNERS INSURANCE COMPANY
OWNERS INSURANCE COMPANY
PROPERTY-OWNERS INSURANCE COMPANY
SOUTHERN-OWNERS INSURANCE COMPANY



*Auto-Owners Insurance*

Life Home Car Business

*That's the Problem People*

BRANCH CLAIM OFFICE
6715 N. Big Hollow Road • P.O. Box 3337
Peoria, Illinois 61612-3337
309-693-2556  FAX 309-693-0548
Toll Free 800-338-2939
WWW.AUTO-OWNERS.COM

May 27, 2015

LAW OFFICES OF SHERMAN & SHERMAN
210 S SILVER AVE
DEMING, NM 88030-3716

Claim Number:      17-3057-12
Insured:           Principal Mobility
Your Client:       Melvin Smith & Stanley Fowler
Date of loss:      7/17/12

Dear Attorney Sherman:

We are in receipt of your settlement demands for Melvin Smith and Stanley Fowler. At this time we are not able to meet your demand for either client. Should you choose to pursue the underinsured motorist claims further, please proceed as you see fit and take the necessary steps to do so. If you have any questions please feel free to contact me.

Sincerely,

*Kim Barrick, AIC, SCLA, AINS*

Kim Barrick, AIC, SCLA, AINS
Branch Claim Representative
800-338-2939 x7214
F 309-693-0548
barrick.kimberly@aoins.com



PLAINTIFF'S
EXHIBIT
2

~ Serving Our Policyholders and Agents for More Than 90 Years ~



Frederick Sherman <fredericksherman@gmail.com>

---

## 17-3057-12 Principal Mobility
3 messages

---

**Barrick, Kimberly** <Barrick.Kimberly@aoins.com>          Wed, May 27, 2015 at 1:22 PM
To: "fredericksherman@gmail.com" <fredericksherman@gmail.com>

Letter attached for Melvin Smith and Stanley Fowler

Kim Barrick, AIC, SCLA, AINS

Branch Claim Representative

800-338-2939 x7214

F 309-693-0548

barrick.kimberly@aoins.com



"HIGHEST CUSTOMER SATISFACTION AMONG
AUTO INSURERS IN THE NORTH CENTRAL REGION"

Click for more information.

Frederick Sherman <fredericksherman@gmail.com>                                    Wed, May 27, 2015 at 2:59 PM
To: "Barrick, Kimberly" <Barrick.Kimberly@aoins.com>

Is your insurance company going to give a reason for denial of all claims and coverage? As discussed prior to this decision, these claims are subject to negotiation and I will request whether my clients are receptive to arbitration if the Insurance company is so inclined. I will assume 5 days would be sufficient to answer these

questions unless an extension is requested for a reasonable time stated in the request otherwise this decision would require filing suit. FHS

============================
Frederick "Rick" Sherman
210 South Silver St.
Deming, New Mexico 88030 USA
Tel. 575-546-8846

fredericksherman@gmail.com
www.floridamountains-nm.com
[Quoted text hidden]



**Barrick, Kimberly** <Barrick.Kimberly@aoins.com>                    Thu, May 28, 2015 at 7:35 AM
To: Frederick Sherman <fredericksherman@gmail.com>

Auto Owners does not agree to arbitration so suit would have to be filed. We aren't denying all claims and coverage, we do not feel we can meet the high settlement demand you are asking for so it is not worthwhile for us to make an offer when we would be so far apart.

Kim Barrick, AIC, SCLA, AINS

Branch Claim Representative

800-338-2939 x7214

F 309-693-0548

barrick.kimberly@aoins.com



"HIGHEST CUSTOMER SATISFACTION AMONG
AUTO INSURERS IN THE NORTH CENTRAL REGION"

Click for more information.

**From:** Frederick Sherman [mailto:fredericksherman@gmail.com]
**Sent:** Wednesday, May 27, 2015 3:59 PM



PLAINTIFF'S
EXHIBIT

Of course we are moving foreword with your requirement to file suit. It takes a lot of time to put together a complaint and all lawsuits are expensive. The company doesn't want to pay policy limits but it don't indicate what Auto Owners does want to pay so we can accept, negotiate or provide additional information to you and receive information from the insurance company that the insureds needed to get a fair settlement to all parties completed. I am stunned that no counter offers have been approved. Is the company willing to mediate the matter. All courts that I know of either strongly recommend or order mediation. If we can mediate the damages in contest, that will save all parties significant money that will allow the best settlement before incurring significant litigation expense that could better go to resolving the claims. Because we don't have any information on what the insurance company believes is reasonable and its reasons, we can't guess what they need further. Please advise. FHS

==========================
Frederick "Rick" Sherman
210 South Silver St.
Deming, New Mexico 88030 USA
Tel. 575-546-8846

fredericksherman@gmail.com
www.floridamountains-nm.com
[Quoted text hidden]

---

**Barrick, Kimberly** <Barrick.Kimberly@aoins.com>                          Tue, Sep 15, 2015 at 1:29 PM
To: Frederick Sherman <fredericksherman@gmail.com>

We do not agree to mediate.


Kim Barrick, AIC, SCLA, AINS

Branch Claim Representative

800-338-2939 x7214

F 309-693-0548

barrick.kimberly@aoins.com



PLAINTIFF'S
EXHIBIT
5

| **SUMMONS** | |
|---|---|
| **District Court: Fifth Judicial**<br><br>**Lea County, New Mexico**<br>**100 North Main or Box 6-C**<br>**Lovington, NM 88260**<br>**(575) 396-8571** | **Case Number:**<br><br>   D-506-CV-2015-01102<br>**Judge:**<br><br>   Shoobridge, William G. W. |
| **Plaintiff: Melvin Smith and Stan Fowler**<br><br>**v**<br><br>**Defendant: Auto-Owners Insurance**<br>**Company** | **Defendant**<br><br>**Name: Auto-Owners Insurance**<br>**Company**<br><br>**Address: 6101 Anacapri Blvd**<br>**Lansing, MI 48917-3999** |

TO THE ABOVE NAMED DEFENDANT(S): Take notice that

   1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

   2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

   3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

   4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

   5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

   6. If you need an interpreter, you must ask for one in writing.

   7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Lovington_____, New Mexico, this 16th day of November, 2015.

CLERK OF COURT

By: _Nora Flores_

Frederick H. Sherman
Attorney for Plaintiff
210 South Silver Ave.
Deming, NM 88030-3716
(575) 546-8846
(575) 546-8847 FAX
fredericksherman@gmail.com

ORIGINAL: To Be Returned to Clerk of District Court for Filing.

**FIFTH JUDICIAL DISTRICT COUNT**
**COUNTY OF LEA**
**STATE OF NEW MEXICO**

**MELVIN SMITH and STAN FOWLER,**
    **Plaintiffs,**
**v.**

**AUTO-OWNERS INSURANCE COMPANY,**
    **Defendant Insurance Corporation.**

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/16/2015 4:53:14 PM
NELDA CUELLAR
Nora Flores

**D-506-CV-2015-01102**
**Judge Shoobridge**

**CIVIL CASE COVER SHEET** The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Supreme Court of New Mexico is required for the use of the Clerk of Court for the purpose of initiating the civil docket.

### COMPLETE BOTH SIDES OF THIS FORM AND SIGN THE SECOND PAGE

| Plaintiff: | | Defendant: | |
|---|---|---|---|
| Name: | Melvin Smith | Name: | Auto-Owners Insurance Comapny |
| Address: | 252E E McDonald Rd | Address | 6101 Anacapari Blvd |
| City, State, Zip: | Lovington NM 88260 | City, State, Zip: | Lansing MI 48917-3999 |
| Social Security Number: | | Social Security Number: | |
| Date of Birth: | | Date of Birth: | |
| Phone Number: | | Phone Number: | 800-338-2939 |

Plaintiff's Attorneys (Firm Name, Address, and Telephone)
SHERMAN & SHERMAN
210 SOUTH SILVER AVE.
DEMING, NEW MEXICO  88031-0850
(575) 546-8846
☐ I do not have an attorney (Pro Se)

Defendant's Attorneys (Firm Name, Address, and Telephone)

☒ Initial Pleading          ☐ I am applying for free process
☐ Amended/supplemental pleading    Complete the cover sheet ONLY if the parties or Main claims (causes of action) are changed by the new pleading.

Place an X in the ONE box in the "Main" column (only one in Main column) which describes your Main claim.  Mark all "Other" boxes (you may check more than one) that describes your other claims.

| MAIN | OTHER | APPEALS & WRITS | APP | MAIN | OTHER | CONTRACT, DEBT, PARTNERSHIP | KDM |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | Admin. Appeal with new trial | AAN | ☒ | ☐ | Breach of Contract | KDK |
| ☐ | ☐ | Admin. Appeal on the record | AAR | ☐ | ☐ | Breach of Warranty | KBW |
| ☐ | ☐ | Appeal DR License Susp/Revoc | ADL | ☐ | ☐ | Debt and Money Due | KDM |
| ☐ | ☐ | Appeal fr. lower court. New trial | ALN | ☐ | ☐ | Contract - Equitable Relief | KEQ |
| ☐ | ☐ | Appeal fr. lower court on record | ALR | ☐ | ☐ | Contract Injunction | KIN |
| ☐ | ☐ | License | DR | ☐ | ☐ | Dissolution of Partnership, Joint Venture | KKD |
| ☐ | ☐ | Certiorari | AWC | ☐ | ☐ | Contract. Wrongful Termination | KWT |
| ☐ | ☐ | Habeas Corpus | AWH | ☐ | ☐ | Replevin. Attachment | KRA |
| ☐ | ☐ | Mandamus. Prohibition | AWM | ☐ | ☐ | Contract Miscellaneous | KMA |
| ☐ | ☐ | Appeals. Miscellaneous | AMS | MAIN | OTHER | STATUTORY VIOLATIONS | VSO |
| MAIN | OTHER | REALTY | RES | ☐ | ☐ | Fair Labor Standards Act | VFL |
| ☐ | ☐ | Claim of Lien | RCL | ☐ | ☐ | Insurance Code | VIC |
| ☐ | ☐ | Claim of Easement. License | REL | ☐ | ☐ | Statutes Ordinance Violations, Misc. | VFL |
| ☐ | ☐ | Foreclosure | RFC | ☐ | ☐ | Securities Act | VSA |
| ☐ | ☐ | Forfeiture | RFF | ☐ | ☐ | Trade Practices Act | VTP |
| ☐ | ☐ | Govt.; Endemn, Emin. | RGA | MAIN | OTHER | MALPRACTICE, PRODUCT LIABILITY | TMP |
| ☐ | ☐ | Landlord. Tenant | RLT | ☐ | ☐ | Legal Malpractice | TLM |
| ☐ | ☐ | Claims of Other Equitable | REO | ☐ | ☐ | Medical Malpractice | TMM |
| ☐ | ☐ | Quiet Title | ROT | ☐ | ☐ | Other Malpractice | TOM |
| ☐ | ☐ | Zoning Violation | RZV | ☐ | ☐ | Product Liability | TPL |
| ☐ | ☐ | Real Estate Miscellaneous | RMS | ☐ | ☐ | Wrongful Death, Product Liability | TWP |
| MAIN | OTHER | TORTS, AUTO | TAU | MAIN | OTHER | MISCELLANEOUS | MMS |
| ☐ | ☐ | Personal Injury, Auto | TAI | ☐ | ☐ | Driver's License Restoration | MDL |
| ☐ | ☐ | Property Damages, Auto | TAP | ☐ | ☐ | Foreign Judgment | MFJ |
| ☐ | ☐ | Loss of Consortium | TCS | ☐ | ☐ | Forfeiture | MFR |
| ☐ | ☐ | Subrogation | TSB | ☐ | ☐ | Private Arbitration | MPA |
| ☐ | ☐ | Wrongful Death, Auto | TWA | ☐ | ☐ | Petition to Marry | MPM |
| MAIN | OTHER | OTHER TORTS | TRT | ☐ | ☐ | Restraining Order | MRO |
| ☐ | ☐ | Assault, Battery | TAB | ☐ | ☐ | Subpoena Witness | MSW |
| ☐ | ☒ | Bad Faith | TBF | ☐ | ☐ | Workers Comp. Judge/WCA Decision | MWC |
| ☐ | ☐ | Loss of Consortium | TCS | ☐ | ☐ | Wage and Hours Claim | MWH |
| ☐ | ☐ | Property Damage | TDM | ☐ | ☐ | Wiretap | MWT |
| ☐ | ☐ | Tort Injunction | TIN | ☐ | ☐ | Name Change | MNC |
| ☐ | ☐ | Libel. Slander | TLS | ☐ | ☐ | Miscellaneous. Fits nothing else. Specify: | MMS |
| ☐ | ☒ | Misrepresentation, Fraud | TMR | | | | |
| ☐ | ☐ | Nuisance | TNU | | | | |
| ☐ | ☐ | Property Damage, Non-Auto | TPD | MAIN | OTHER | OTHER | OTH |
| ☐ | ☐ | Personal Injury, Non-Auto | TPI | ☐ | ☐ | Corp. Dissol., Shareholder Suits | OCD |
| ☐ | ☐ | Securities Fraud | TSF | ☐ | ☐ | Other Damages - not tort, cntrct or statutory | ODM |
| ☒ | ☐ | Wrongful Death, Non-Auto | TWD | ☐ | ☐ | Declaratory Relief | ODR |
| ☐ | ☐ | No Contract Wrongful | TWT | ☐ | ☐ | Election Contests | OEC |
| ☐ | ☐ | Tort Miscellaneous | TMS | ☐ | ☐ | Injunction - Not Contract / Tort | OIJ |
| | | | | ☐ | ☐ | Interpleader | OIN |
| | | | | ☐ | ☐ | Tax Case | OTX |
| | | | | ☐ | ☐ | Workers Comp. (reopen only) | OWC |

**RELIEF CODES TABLE**

Place a check mark after the type(s) relief you are seeking for each claim selected on the front of this form.

| CODE | RELIEF SOUGHT | MAIN | OTHER #1 | OTHER #2 | CODE | RELIEF SOUGHT | MAIN | OTHER #1 | OTHER #2 |
|------|---------------|------|----------|----------|------|---------------|------|----------|----------|
| ATF | ATTORNEY FEES | | X | | LCR | LATE CHARGE RATE | | X | |
| CST | COST | | X | | MED | MEDICAL EXPENSES | | | |
| DEP | DEPOSIT AMOUNT | | | | OTH | OTHER | | | |
| DMG | DAMAGES | X | | | PRO | PROPERTY | | | |
| DSS | DISSOLUTION | | | | PUN | PUNITIVE DAMAGES | | | |
| DVP | DIVISION OF PROPERTY | | | | RNT | RENT DUE | | | |
| ENF | ENFORCEMNT OF JDGMNT | | | | RPP | RETURN OF PERS. PROP. | | | |
| INA | AMT HELD BY INTRPLDR | | | | RPT | AMT OF RENT PER DAY | | | |
| INM | INTEREST AMOUNT | | | | TAX | TAX AMOUNT | | | |
| INT | INTEREST RATE | | 10% | 15% | | | | | |
| IPP | IMMED. POSS. PREMISES | | | | Relief sought more than $25,000?  Y/N | | | |

## INSTRUCTIONS FOR COMPLETING CIVIL CASE COVER SHEET

(Both sides of this form must be completed with every civil case filing)

1.  Type or print **Plaintiff/Petitioner** and **Defendant/Respondent** Name, address, etc., in the space provided.  Additional plaintiffs and defendants must be listed below.

2.  Enter **Plaintiff** and **Defendant Attorneys**.  If you are a plaintiff without an attorney, check the **Pro Se** box beneath Plaintiff attorney.

3.  Check the **Initial Pleading** box unless this is an Amended or Supplemental Pleading.  (If this is an Amended or Supplemental, do not file this form unless the Main claim on your original case is changed.

4.  If you are asking the court to waive the civil filing fee, check the "**I am applying for free process**" box.

5.  You can only have one main claim (or "cause of action").  Find the type of claim that best describes the main claim in your complaint and check the box under **Main**.  If you have other claims, check the box or boxes under **Other** that best describe(s) your other claims.  For example, if you were filing for injuries and damages resulting from an auto accident, you might check the Main box next to "Personal Injury, Auto" and the Other boxes next to "Property Damage, Auto" and "Loss of Consortium".

6.  Next, turn to the **Relief Codes Table** (above) and place a check mark under the **Main** column next to the relief you are seeking for your main claim listed on the Cover Sheet.  You may check more than one type of relief for your Main and Other claims.  In the example above, if you were seeking medical expenses for your Personal Injury, Auto (your "main" claim), you would check the box next to Medical Expenses in the Main column.

7.  If you are seeking more than $25,000 for your claims, place a Y (Yes) in the **Main** or **Other** columns as appropriate, otherwise place an N (No).

Even if you choose to represent yourself in a claim, you may wish to consult with an attorney to discuss your rights.
**Court personnel are not authorized to give legal advice.**
SELECTION OF CLAIMS AND RELIEF CODES ON THIS FORM ARE FOR COURT DATA-KEEPING PURPOSES ONLY
AND HAS NO SUBSTANTIVE EFFECT ON YOUR CASE.
**LEAVE ITEM BLANK IF INFORMATION IS CONFIDENTIAL OR UNAVAILABLE.**

Person submitting form sign here: _____

Print Name:   FREDERICK H. SHERMAN

---

**Additional Plaintiff(s)**
Name:
Address:
City, State, Zip:
Social Security Number:
Phone:

Stan Fowler
252E E McDonald Rd
Lovington NM 88260

**Additional Defendant(s)**
Name:
Address:
City, State, Zip:
Social Security Number:
Phone:

**Additional Plaintiff(s)**
Name:
Address:
City, State, Zip:
Social Security Number:
Phone:

**Additional Defendant(s)**
Name:
Address:
City, State, Zip:
Social Security Number:
Phone:

| SUMMONS | |
|---|---|
| **District Court: Fifth Judicial** | **Case Number:** |
| Lea County, New Mexico<br>100 North Main or Box 6-C<br>Lovington, NM 88260<br>(575) 396-8571 | D-506-CV-2015-01102<br>**Judge:**<br><br>Shoobridge, William G. W. |
| **Plaintiff: Melvin Smith and Stan Fowler**<br><br>v<br><br>**Defendant: Auto-Owners Insurance Company** | **Defendant**<br><br>**Name: Auto-Owners Insurance Company**<br><br>**Address: 6101 Anacapri Blvd** FILED IN MY OFFICE<br>**Lansing, MI 48917-3999**  DISTRICT COURT CLERK<br>11/25/2015 8:40:52 AM<br>NELDA CUELLAR<br>Sandy Long |

TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____ Lovington _____, New Mexico, this 16th day of November, 2015.

CLERK OF COURT

By: _[signature]_

Frederick H. Sherman
Attorney for Plaintiff
210 South Silver Ave.
Deming, NM 88030-3716
(575) 546-8846
(575) 546-8847 FAX
fredericksherman@gmail.com

ORIGINAL: To Be Returned to Clerk of District Court for Filing.

## RETURN

STATE OF *New Mexico*  )
                        ) §
COUNTY OF *Luna*        )

I, being duly sworn, on oath, state that I am over the age of eighteen [18] years and not a party to this lawsuit, and that I served this Summons in *Eaton (MI)* county on the *20th* day of *November*, 20 *15*, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**[check one box and fill in appropriate blanks.]**

[ ]   to the defendant _____. [*used when defendant accepts copy of summons and complaint or refuses to accept the summons and complaint.*]

[X]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA [*used when service is by mail or commercial courier service.*] *Please See attached.*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of the complaint attached, in the following manner:

[ ]   to _____, a person over fifteen [15] years of age and residing at the usual place of abode of defendant _____, [*used when the defendant is not presently at place of abode*] **and by mailing by first class mail to the defendant** at _____ [*insert defendant's last known mailing address*] a copy of the summons and complaint.

[ ]   to _____, the personal apparently in charge at the actual place of business or employment of the defendant **and by mailing by first class mail to the defendant** at _____ [*insert defendant's business address*] **and by mailing the summons and complaint by first class mail to the defendant** at _____ [*insert defendant's last known mailing address*].

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____. [*used when defendant is a minor or an incompetent person.*]

[ ]   to _____ [name of person], _____ [*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision.*]

FEES: _7.89_

_____
Signature of Person Making Service

*Legal Assistant*
Title [if any]

Subscribed and sworn to before me this *25th* day of *November*, 20 *15*.

_____
Judge, Notary or Other Officer
Authorized to Administer Oath

CINDY RICHINS
NOTARY PUBLIC
My Commission Expires:
11-3-19



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

Smith/Fowler

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee   3.45

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ 2.80
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postmark Here

DEMING NM 88030
NOV 17 2015

Postage   1.64

Total Postage and Fees   7.89

USPS

Auto Owners Insurance
6101 Anacapri Blvd
Lansing MI 48917

7015 0640 0001 3029 3795

PS Form 3800, April 2015          See Reverse for Instructions

---

CR 11-23-15

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Auto Owners Insurance
6101 Anacapri Blvd
Lansing MI 48917-3999

9590 9403 0210 5146 8720 49

2. Article Number (Transfer from service label)
7015 0640 0001 3029 3795

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Mary Beth Smith      ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Mary Beth Smith         11/20/15

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053        Domestic Return Receipt