IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MELVIN SMITH and STAN FOWLER,

    Plaintiffs,

v.                                    No. 15-cv-1153 SMV/GBW

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

**ORDER GRANTING EMERGENCY MOTION TO SEAL**

THIS MATTER comes before the Court pursuant to Defendant's Emergency Motion to Place Doc. 48 Under Seal Until a Determination Regarding Inadvertently Produced Document (*doc. 50*). Defendant asserts that Plaintiffs' Reply (*doc. 48*) regarding their Motion to Compel references a document inadvertently produced by Defendant which is purportedly protected by attorney-client privilege. *Doc. 50*. Defendant states that it requested an opportunity to confer with Plaintiff regarding this issue, but admits that it filed this motion prior to receiving a response due to the emergency nature of the matter. *Id.*

The day after filing, the Court provisionally granted the motion to seal pending Plaintiff's response. *See doc. 53*. That response has now been filed. *See doc. 54*.

Plaintiff first argues that the motion should be denied for violations of Local Rule 7.1 (a). Plaintiff primarily complains that Defendant failed to adequately determine if

the motion was opposed as required by the rules.  However, the Court finds that, under the circumstances, the explanation provided by Defendant was sufficient.[1]

Plaintiff next wades into the argument over the discoverability of the document. *See doc. 54* at 2-17.  However, this argument is premature.  Defendant has asked only for the document to be placed "under seal until a determination regarding [the allegedly privileged and] inadvertently produced document." *Doc. 50* at 1.  Defendant has not yet presented any argument about the merits of the privilege dispute.  It has simply asked that the document filed on the docket be sealed from non-case participants.  As Plaintiff's response gives no reason not to do so until a determination is made, the Court will grant the motion.

IT IS HEREBY ORDERED that Plaintiff's Reply (*doc. 48*) shall remain sealed until further order of the Court.  Access to the document shall be limited to the Court and the case participants only.

GREGORY B. WORMUTH
United States Magistrate Judge

---

[1] Plaintiff also claims some inaccuracy in Defendant's motion regarding the date on which the document was inadvertently disclosed.  However, Defendant's motion appears only to refer to the date on which Plaintiff filed the document as an attachment to his Reply to a separate motion.  In any event, the Court understood Defendant's argument to be that the emergency arose from Plaintiff's filing of the document on June 24, 2016.