IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MELVIN SMITH AND
STAN FOWLER,

    Plaintiffs,

v.                                                                 Civ. No. 15-1153 SMV/GBW

AUTO-OWNERS INSURANCE CO.,

    Defendant.

## ORDER DENYING MOTIONS

This matter comes before the Court pursuant to Plaintiffs' Motion to Extend Deadline to File Motion to Compel (*doc. 41*) and Plaintiffs' Motion to Compel Answering Written Discovery (*doc. 43*). Having reviewed the briefing (*docs. 41, 43, 45, 46, 47, 48*) and being fully advised,[1] the Court will deny the motions.

The Local Rules require that a "party seeking relief pursuant to Fed. R. Civ. P. 26(c) or 37(a) must attach to the motion a copy of: (a) the interrogatory, request for production or inspection, relevant portion of deposition transcript, or request for admission; and (b) the response or objection thereto." D.N.M.LR-Civ. 37.1. Plaintiffs' Motion to Compel certainly seeks relief pursuant to Rules 26 and 37, yet Plaintiffs failed to attach the required materials to their motion. *See generally doc. 43*. The brief

---

[1] The Court originally set a hearing on the motions. *See docs. 56, 58, 59*. However, after having fully reviewed the briefing, the Court has determined that a hearing would not materially assist in the disposition of either motion. Consequently, the hearing is hereby vacated.

summaries of the disputed discovery requests contained in the body of Plaintiffs' motion are completely insufficient for the Court to meaningfully review the request. While Plaintiffs did attach correspondence between the parties in which they discussed the various disputes, these attachments are also insufficient for the Court to meaningfully review the merits of the various disputes.  Essentially, Plaintiffs have dropped the Court in the middle of an argument with little idea how it began.  It is beyond peradventure that rulings on discovery disputes often turn on the precise text of the request.  Indeed, the importance of the text of the discovery request is the basis for the local rule.  Plaintiffs have failed to comply with the rule, and on that basis, their Motion to Compel Answering Written Discovery (*doc. 43*) is DENIED.[2]

All of the discovery disputes for which Plaintiffs seek an extension in their Motion to Extend Deadline to File Motion to Compel (*doc. 41*) are included in the Motion to Compel just denied by the Court.  As such, the motion to extend is moot and is DENIED as such.

Notwithstanding the denial of the motion to compel for a local rule violation, in an attempt to preempt future discovery disputes, the Court will comment on two of the broad issues dividing the parties.  First, Defendant has not waived its argument regarding the number of interrogatories Plaintiffs have served.  Waiver of a numerosity

---

[2] The Court notes that Defendant attached the proper documents to its Response.  *See doc. 46*, Ex. 1.  Of course, Defendant's filing does not excuse the failure of Plaintiffs to comply with the obligation placed upon them under the local rules.

objection occurs when a party, having received a quantity of interrogatories which exceed the permission granted by the Court, responds to some and not others. *See Allahverdi v. Regents of the Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005). In the instant case, the prerequisite to such waiver – receiving a number of interrogatories greater than the amount permitted by the Court – has not occurred. As explained by Defendant, its position[3] is that Plaintiffs have served 13 interrogatories and 27 requests for production. *See doc. 46* at 3-4. This amount is well within the number permitted by the Court. *See doc. 33*. Defendant is simply alerting Plaintiffs of how it thinks Plaintiffs' interrogatory subparts should be counted. *See* Fed.R.Civ.P. 33(a)(1); *see, e.g., Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 637 (D. Kan. 2012) (subparts counted as separate interrogatories if they pertain to discrete areas). Plaintiffs have presented no authority for the proposition that the recipient of an interrogatory which it believes contains any discrete subparts must: (i) refuse to respond, (ii) file a motion for protective order, or (iii) waive the argument. Moreover, such an approach would dramatically, and unnecessarily, increase discovery disputes and motion practice. This Court rejects it.

Second, Plaintiffs appear to misunderstand the phased discovery approach ordered by the Court. Phase 1 is limited to issues surrounding Defendant's liability for the accident and the damages arising from the accident. Only in Phase 2 will discovery focused on how Defendant handled Plaintiffs' claims be permitted. In other words, all

---

[3] The court takes no position on the merits of Defendant's position at this time.

discovery focused solely on "bad faith" claims will be conducted in Phase 2. In establishing the phased approach, the Court used the common shorthand of "contractual" versus "extra-contractual" claims. *See doc. 33*. Admittedly, Plaintiffs are correct that, technically speaking, "bad faith" claims can be said to arise from the insurance contract and not just the tort of bad faith. *See doc. 43* at 4-6.[4] Based on the extensive discussions in the various Rule 16 conferences held by the Court, it believed that both counsel understood its intention regarding the phased discovery. To the extent that Plaintiffs' counsel did not, this explanation should serve as clarification.

**IT IS SO ORDERED.**

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[4] While not entirely clear, the Court assumes that Plaintiffs' argument about the covenant of good faith and dealing is an attempt to explain that bad faith discovery should occur in Phase 1 despite it being limited to "contractual" claims.