IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MELVIN SMITH and STAN FOWLER,**

    **Plaintiffs,**[1]

**v.**                                                                       **No. 15-cv-1153 SMV/GBW**

**AUTO-OWNERS INSURANCE COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgement [sic] for the Plaintiff and to Preclude the Opinion of Theodore Davis[,] M[.]D[.] and its Memorandum in Support [Docs. 100, 101], filed February 13, 2017.  Briefing is complete, [Docs. 105, 114], and oral argument was held on June 19, 2017.  The Court finds that Dr. Davis's opinion is relevant and reliable.  Plaintiff's challenges to Dr. Davis's opinion go to the weight, not the admissibility, of the opinion.  Moreover, there are genuine issues of material fact about whether Plaintiff's injuries were caused by the accident.  Therefore, summary judgment is not appropriate.

## Background

Plaintiff Melvin Smith was traveling in an automobile insured by Defendant Auto-Owners' Insurance Company when it was struck from behind by a vehicle driven by a State Farm insured.  The collision caused Plaintiff's vehicle to strike a third vehicle.  Plaintiff claims that the accident aggravated a pre-existing tear to his left rotator cuff, which caused him

---

[1] Judgment was entered in favor of Plaintiff Stan Fowler on November 2, 2016, after he accepted Defendant's offer of judgment.  [Doc. 84].  Melvin Smith is the sole remaining Plaintiff in this case.

to become completely disabled.  State Farm's driver was at fault for the accident.  State Farm adjusted the claim and ultimately contributed its $100,000 policy limits to satisfy the claims of the various injured parties, including Plaintiff.  As a result of the accident, Plaintiff received a payment of $26,731.10 from State Farm and an additional $5,000 medical bill payment from Defendant.  Plaintiff contends, however, that his damages exceed the combined amounts he received from State Farm and Defendant and that he is entitled to additional money under the underinsured motorist policy with Defendant.  Plaintiff initiated this lawsuit, claiming, among other things, that Defendant's failure to pay him the additional money constitutes Defendant's breach of the insurance contract.[3]  [Doc. 1-1].

      Defendant has identified G. Theodore Davis, M.D., as a medical expert.  In his report, Dr. Davis opined to a reasonable degree of medical certainty that, as a result of the accident, at most, Plaintiff "sustained a minor self[-]limiting neck[-]region soft tissue strain, and contusions, from which he recovered without residuals within no more than a few weeks."  [Doc. 100-5] at 18.  Dr. Davis further opined that Plaintiff neither injured his left shoulder rotator cuff, nor aggravated any preexisting injury to it.  *Id.*  He opined that Plaintiff did not become disabled as a result of the accident.  *Id.*  He opined that Plaintiff's injury and disability claims were motivated, in part, by "psychosocial and secondary gain factors."  *Id.*  Finally, he opined that even though

---

[3] In Plaintiff's Complaint for Breach of Underinsured Motorist Insurance Contract and Torts, he asserts four counts: (I) Breach of Contract, (II) Punitive Damages under the Contract, (III) Complaint for Bad Faith, Misrepresentation, and Fraud, and (IV) Declaratory Judgment. [Doc. 1-1] at 1–28. The Honorable Gregory B. Wormuth has bifurcated discovery into two phases.  "Phase 1 . . . address[es] Plaintiff's contractual claims, and Phase 2 . . . address[es] Plaintiff's extra-contractual claims." [Doc. 33] at 1. Phase 1 discovery concluded on December 9, 2016. [Doc. 82].

Plaintiff had "a long history of multiple medical conditions," none was caused or aggravated by the accident. *Id.*

In his motion, Plaintiff seeks two forms of relief. First, he moves to exclude the testimony of Dr. Davis based on *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993). *See* [Docs. 100, 101]. Then, assuming Dr. Davis' testimony is excluded, he moves for summary judgment on causation. *Id*. Although Plaintiff's rationale is unclear, the logic seems to be that without Dr. Davis' testimony, all that remains is the testimony of Plaintiff's treating physicians, all of whom agree that his injuries were caused by the accident. *See* [Doc. 100] at 3−4. However, because I will deny the motion to exclude Dr. Davis' testimony, Plaintiff's argument for summary judgment is rendered moot.

## Standard

In evaluating a motion to exclude an expert, "[t]he focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. In demonstrating that an expert's testimony is reliable, the party offering the expert opinion "need not prove that the expert is undisputably correct or that the expert's theory is generally accepted in the scientific community." *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1233 (10th Cir. 2004) (internal quotation marks omitted). "Instead, [the party] must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements." *Id.*

Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of this case.

Fed. R. Evid. 702. Accordingly, before admitting expert testimony, the district court should ensure that the testimony (1) has "a reliable basis in the knowledge and experience of [the expert's] discipline," and (2) is "relevant to the task at hand." *Daubert*, 509 U.S. at 592, 597; *see United States v. Chapman*, 839 F.3d 1232, 1238 (10th Cir. 2016) (same).

## Analysis

As to Dr. Davis's qualifications to testify as a medical expert, he has extensive education and experience in medicine. He earned his M.D. from Emory University, is board certified in emergency medicine, and has more than 40 years' experience in emergency medicine, occupational medicine, disability evaluation medicine, general medicine, orthopaedic surgery, and medical/legal analysis. [Doc. 100-5] at 2, 32–44. He is licensed to practice medicine in four states, including New Mexico. *Id.* at 33. He reviewed Plaintiff's medical and billing records, the accident report and photographs from the accident, the Complaint filed in this case, the

vehicle-damage appraisal, Plaintiff's answers to discovery, and a transcript of a statement from the one of the people in the third vehicle. *Id.* at 2–7. His report explains his methodology in detail. *Id.* at 1–31. Plaintiff does not challenge Dr. Davis's qualification to testify as a medical expert. *See id.* at 9–10.

Nor does Plaintiff dispute Dr. Davis's methodology. Rather, Plaintiff disagrees with Dr. Davis's conclusions and, working back from there, argues that Dr. Davis must have erred. First, Plaintiff argues that Dr. Davis ignored or failed to sufficiently credit certain evidence that Plaintiff believes undercuts Dr. Davis's opinions. For example, Plaintiff argues that Dr. Davis should have considered and given more weight to the MRI (magnetic resonance imaging) taken 15 days after the accident, which evidenced a left rotator cuff tear; the report of Plaintiff's accident reconstructionist; evidence of the injuries to other people involved in the accident (the adult and youth in a third vehicle as well as a passenger in Plaintiff's vehicle); and evidence of damage to the third vehicle. Plaintiff argues that Dr. Davis improperly focused on Plaintiff's neck, when the real issue was his left shoulder, and also failed to credit evidence linking Plaintiff's neck symptoms to the shoulder. Plaintiff argues that Dr. Davis erred in failing to investigate the cause of Plaintiff's shoulder problem, i.e., failed to do a differential diagnosis. And Plaintiff argues that Dr. Davis's opinion should be excluded because it takes into account the damage to Plaintiff's vehicle, which Plaintiff argues Dr. Davis was not qualified to assess. Plaintiff argues that Dr. Davis did not consider or sufficiently weigh this evidence. "If he had, . . . it would have changed his mind as a scientist." [Doc. 114] at 9.

These challenges go to the weight of Dr. Davis's opinions. They constitute material for cross examination. They do not go to admissibility. Dr. Davis's opinions are relevant and reliable, and they should not be excluded based on the arguments presented by Plaintiff. *See United States v. Cavely*, 318 F.3d 987, 997–98 (10th Cir. 2003) (concluding that, if methodology and reliability of expert testimony was established, questions underlying its validity went to the weight of the evidence, not its admissibility); *see also* Charles Alan Wright et al., 29 Fed. Prac. & Proc. Evid. § 6262 (2d ed. 2016) ("Assuming the expert testimony has the earmarks of reliability, the evidence is then admitted and subjected to the kind of adversarial attack that facilitates the jury's central functions of deciding what weight to attribute to evidence and which witnesses to believe."). Plaintiff is free to cast doubt on Dr. Davis's opinions through vigorous cross examination, rebuttal expert testimony, and presentation of contrary evidence.

As mentioned, Plaintiff's briefing on his motion for summary judgment is less than clear. Local Rule 56.1(b) requires the movant to file a memorandum containing a concise statement of all the material facts to which the movant contends no genuine issue exists. Plaintiff has failed to comply with that rule. Instead, Plaintiff has numbered every paragraph of his motion and memorandum and sporadically (and in many instances, apparently randomly) tossed in references to the record. *See* [Docs. 100, 101]. Nevertheless, the thrust of Plaintiff's argument seems to be that, assuming Dr. Davis's testimony is excluded, Plaintiff is entitled to summary judgment on causation. *See* [Doc. 100] at 3–4. My denial of Plaintiff's motion to exclude Dr. Davis's testimony renders that argument moot. However, even if I had ruled in Plaintiff's favor on the motion to exclude, Plaintiff still would fail to show that there was no genuine issue

of fact on causation or that he was entitled to judgment on the undisputed facts. *See* [Doc. 105] at 3–12. Accordingly, Plaintiff's motion for summary judgment will be denied.

## Conclusion

The Court finds that Dr. Davis's opinion is relevant and reliable. Plaintiff's challenges fail because they are more appropriately directed at the weight of the testimony rather than its admissibility. Moreover, Plaintiff fails to show that no genuine issue of material fact remains. Therefore, he is not entitled to summary judgment.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Summary Judgement [sic] for the Plaintiff and to Preclude the Opinion of Theodore Davis[,] M[.]D[.] [Doc. 100] is **DENIED**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**