IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELVIN SMITH and STAN FOWLER,

   Plaintiffs,[1]

v.                                                         No. 15-cv-1153 SMV/GBW

AUTO-OWNERS INSURANCE COMPANY,

   Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Auto-Owners' Insurance Company's Motion for Summary Judgment [Doc. 99], filed on February 13, 2017.  Briefing is complete,[2] [Docs. 106, 119], and oral argument was held on June 19, 2017.  Having considered the briefing, record, oral argument, and the relevant law, the Court finds that Defendant is entitled to summary judgment on Plaintiff's claim for damages arising from his shingles but not from his other alleged injuries.  Defendant fails to show that it is entitled to summary judgment on Plaintiff's claim for declaratory judgment at this time.

## Background

Plaintiff Melvin Smith was an employee of a company called Principal Mobility.  He was traveling in an automobile owned by Principal Mobility and insured by Defendant Auto-Owners Insurance Company ("AOI") when it was struck from behind by a vehicle driven by a State Farm insured.  State Farm's driver was at fault for the accident.  State Farm adjusted the claim and

---

[1] Judgment was entered in favor of Plaintiff Stan Fowler on November 2, 2016, after he accepted Defendant's offer of judgment. [Doc. 84].  Melvin Smith is the sole remaining Plaintiff in this case.

[2] The Court will grant Plaintiff's opposed motion to accept his untimely response. *See* [Docs. 112, 121].

ultimately contributed its $100,000 policy limits to satisfy the claims of the various injured parties, including Plaintiff.   As a result of the accident, Plaintiff received a payment of $26,731.10 from State Farm.   The policy issued by Defendant provided $5,000 in medical payment coverage and $1,000,000 in underinsured motorist ("UIM") coverage.  AOI paid $5,000 to Plaintiff under the med-pay coverage.   Thus, he has received a total of $31,731.10 from State Farm and Defendant.

Plaintiff contends, however, that his damages far exceed $31,731.10, thus entitling him to UIM benefits under the policy.  Plaintiff initiated this lawsuit, claiming, among other things, that Defendant's failure to pay him the UIM benefits constitutes a breach of the insurance contract.[3] [Doc. 1-1].

Defendant moves for summary judgment on Plaintiff's claims for breach of contract and declaratory judgment.[4]  [Doc. 99] at 1, 20.  The crux of Defendant's position is that there was no breach of contract because the $5,000 it paid to Plaintiff, combined with the money received from State Farm, fully compensated Plaintiff for the injuries he sustained in the accident. Plaintiff disagrees, claiming that his damages from the accident far exceed the compensation he has already received, thus entitling him to UIM benefits under the policy

---

[3] In Plaintiff's Complaint for Breach of Underinsured Motorist Insurance Contract and Torts, he asserts four counts: (I) Breach of Contract, (II) Punitive Damages under the Contract, (III) Complaint for Bad Faith, Misrepresentation, and Fraud, and (IV) Declaratory Judgment. [Doc. 1-1] at 1–28. The Honorable Gregory B. Wormuth, United States Magistrate Judge, has bifurcated discovery into two phases. "Phase 1 . . . address[es] Plaintiff's contractual claims, and Phase 2 . . . address[es] Plaintiff's extra-contractual claims." [Doc. 33] at 1. Phase 1 discovery concluded on December 9, 2016. [Doc. 82]. Defendant now moves for summary judgment on Plaintiff's contractual claims: count I Breach of Contract and count IV Declaratory Judgment. [Doc. 99] at 1, 20.

[4] Further, Defendant argues that because it is entitled to summary judgment on the contractual claims, Plaintiff cannot prevail on the extra-contractual claims, which therefore, should be dismissed. [Doc. 99] at 1, 20.

**Standards**

Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must support its request by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).

The movant has the initial burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). If this burden is met, the non-movant must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Id.* at 324. Although all facts are construed in favor of the non-movant, the non-movant still has a responsibility to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (alteration in original) (internal quotation marks omitted).

**Analysis**

Defendant is entitled to summary judgment on Plaintiff's claim for damages arising from his shingles, because he has no admissible evidence that the accident caused the shingles. However, Defendant is not entitled to summary judgment on Plaintiff's breach-of-contract claim based on his other personal injuries. Even if Plaintiff's left rotator cuff was torn prior to the

accident, Plaintiff may still recover for the aggravation of the torn rotator cuff.  Additionally,

Defendant concedes that Plaintiff suffered at least a temporary soft tissue neck injury.  Whether

he has received all the compensation to which he is entitled under his UIM coverage remains a

question of fact precluding summary judgment.  Finally, Plaintiff's claim for declaratory

judgment appears to seek relief that is not available under the Declaratory Judgment Act.

Nevertheless, Defendant has not persuaded me that it is entitled to summary judgment for that

reason, on the briefing as it stands today, and its motion will be denied without prejudice at this

time.

## Plaintiff's Shingles

Plaintiff contracted shingles after the accident.  He claims that the accident caused the

shingles.  Defendant argues that Plaintiff is not entitled to any damages arising from the shingles

because there is no admissible evidence in the record on which a reasonable fact-finder could

rely to find that the accident caused the shingles.  [Doc. 99] at 9–10, 17–18 n.9.

"Ordinarily, what constitutes the proximate cause of any injury is a question of fact.

However, the question of proximate cause becomes a question of law when the facts are

undisputed and there is no evidence from which a jury could reasonably find a causal connection

between the allegedly negligent act and the injury."  *Eck v. Parke, Davis & Co.*, 256 F.3d 1013,

1023 (10th Cir. 2001) (internal citation and quotation marks omitted).  Under New Mexico law,

it is well-settled that the plaintiff bears the burden of proof on medical causation, and he cannot

prevail on the issue of medical causation without expert testimony directly supporting his

conclusion.  *Woods v. Brumlop*, 1962-NMSC-133, ¶ 15, 71 N.M. 221 ("[T]he cause and effect of

a physical condition lies in a field of knowledge in which only a medical expert can give a competent opinion."); *Baca v. Bueno Foods*, 1988-NMCA-112, ¶ 5, 108 N.M. 98 ("To prove a proposition to a reasonable medical probability requires expert medical testimony establishing that the proposition is more likely than not.").

Having said that, "such [expert] testimony is not always necessary" to establish medical causation. *Folz v. State*, 1990-NMSC-075, ¶ 44, 797 P.2d 246. This is especially the case "where exceptional circumstances within common experience or knowledge of the layman are present[.]" *Cervantes v. Forbis*, 1964-NMSC-022, ¶ 13, 73 N.M. 445. In determining whether "exceptional circumstances" exist, New Mexico trial courts apply a reasonableness standard: that is, a plaintiff is required to produce an expert "when the trial court reasonably decides that it is necessary to properly inform the jurors on the issues." *Folz*, 1990-NMSC-075, ¶ 44 (quoting *Gerety v. Demers*, 1978-NMSC-097, ¶ 74, 92 N.M. 396). Thus, the Court must decide whether an expert witness is necessary to establish the cause of Plaintiff's alleged injury, or whether causation is straightforward and simple enough that a lay juror could reasonably figure out causation based on common experience or knowledge.

The Court finds that, in this case, expert testimony is required to connect the accident to Plaintiff's shingles. Whether an auto accident can cause shingles is not something within a layperson's common knowledge or experience. Thus, in order to recover damages for the shingles, Plaintiff would have to offer expert testimony that the accident caused the shingles. There appear to be two sources of possible evidence on causation of Plaintiff's shingles: Dr. Elmendorf and Dr. Franklin. *See* [Doc. 106] at 10.

Dr. Elmendorf was Plaintiff's primary care physician.  In the course of discovery, Plaintiff produced a letter purportedly written by Dr. Elmendorf.  In that letter Dr. Elmendorf opined that a seat belt injury sustained in the car accident caused the shingles.  [Doc. 99-10] at 7. Defendant challenges the authenticity of the letter because it was not included in the patient file at Dr. Elmendorf's office.  [Doc. 99] at 17−18 n.9.  Dr. Elmendorf has since passed away.  Thus, he cannot authenticate the letter.  *Id.*

Dr. Franklin was Plaintiff's chiropractor.  She treated him for a period of time after the accident.  Plaintiff cites to her deposition, at which she testified that the stress of a car accident could cause shingles.  [Doc. 106-8] at 4.  This testimony is insufficient to establish medical causation.  First, Dr. Franklin is a chiropractor.  As such, she is likely not qualified to give expert testimony on the cause of Plaintiff's shingles.  Second, Plaintiff does not indicate that he disclosed Dr. Franklin as an expert under Fed. R. Civ. P. 26(a)(2)(A), or that he complied with the summary disclosure requirement of Fed. R. Civ. P. 26(a)(2)(C) for Dr. Franklin's opinion about the cause of his shingles.  Therefore, Dr. Franklin would be precluded from giving expert testimony on the cause of Plaintiff's shingles.

Third—and most importantly—Dr. Franklin did not testify that the car accident actually caused Plaintiff's shingles.  [Doc. 106-8] at 4.  She testified that a car accident can cause increased stress, and that increased stress can cause shingles.  *Id.*  However, she never opined that Plaintiff's car accident caused him to develop shingles.  *Id.*  Her deposition testimony is insufficient to establish the existence of a genuine issue of fact regarding the cause of Plaintiff's

6

shingles.   Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim for damages arising from his shingles.

Plaintiff's Other Injuries

It is undisputed that Plaintiff has a torn rotator cuff in his left shoulder.  He claims that the accident either caused the tear or aggravated a pre-existing tear.[5]  Defendant argues that because Plaintiff's rotator cuff was undisputedly torn before—and not as a result of—the accident, Plaintiff is not entitled to damages for his shoulder problems.  *E.g.,* [Doc. 99] at 17 ("Plaintiff cannot credibly maintain that AOI has a contractual obligation to compensate him for any diminishment in his abilities given that the condition to which he attributes that reduced ability (i.e., the torn rotator cuff) *did not actually occur as a result of the accident*.").

The obvious problem with Defendant's position is that it completely ignores Plaintiff's claim for *aggravation* of a pre-existing condition  *See* [Doc. 1-1] at 7 (claiming as damages "[a]ny aggravation of any preexisting ailments"); [Doc. 106] at 21 (claiming as damages "aggravation of preexisting condition from the injuries that caused [Plaintiff] to go from full time employment to total disability").  *See Martin v. Darwin*, 1966-NMSC-254, ¶ 10, 77 N.M. 200 ("Where plaintiff has a pre-existing condition and claims that defendant aggravated that condition, plaintiff must prove the extent of that aggravation.").  Assuming Plaintiff's left rotator cuff was already torn at the time of the accident, that, by itself, would not preclude him from

---

[5] *Compar*e Affidavit of Melvin Smith, [Doc. 106-3] at 7–8 (claiming that Plaintiff's treating physicians found that the accident caused the tear), *with* Plaintiff's Response to AOI's Motion for Summary Judgment, [Doc. 106] at 20−21 (claiming that Plaintiff's damages for breach of contract include "aggravation of preexisting condition . . . that caused him to go from full time employment to total disability").

recovering damages for injuries to that shoulder.[6]  *See* UJI 13-1808 NMRA (jury instruction on damages for aggravation of any pre-existing condition).  Defendant concedes that the accident "exacerbated" Plaintiff's pre-existing shoulder condition, at least temporarily.  [Doc. 99] at 18.  Additionally, Defendant concedes that Plaintiff sustained, at the very least, a "minor self[-]limiting neck[-]region soft tissue strain, and contusions" as a result of the accident.  *Id*. at 12 (quoting the report of Defendant's expert, Dr. Davis).  Defendant is contractually obligated to pay "compensatory damages [to] any person [who] is legally entitled to recover from the owner or operator of an underinsured auto because of bodily injury sustained when occupying an auto that is covered by [the policy]."  [Doc. 99-5] at 23 (emphases omitted).  Whether Plaintiff has been fully compensated for the bodily injuries he sustained in the accident is a question of fact for trial.  Accordingly, Defendant is not entitled to summary judgment on Plaintiff's breach-of-contract claims based on his alleged shoulder and neck injuries.

<u>Plaintiff's Claim for Declaratory Judgment</u>

This claim eludes the Court.  Typically, a declaratory judgment action serves as a vehicle to obtain a declaration of an insurance carrier's rights and obligations under an insurance policy.  *See, e.g., Horace Mann Ins. Co. v. Johnson*, 953 F.2d 575, 589 (10th Cir. 1991).  But, here, there is no dispute over the fact that Plaintiff is an insured under the policy, or over the amount of the available coverage.  The dispute concerns whether Defendant has fully compensated Plaintiff for the injuries he sustained in the accident.  That, of course, is the basis for the breach-of-contract claim.

---

[6] Plaintiff, of course, has the burden to show the extent of any aggravation.  *Martin*, 1966-NMSC-254, ¶ 10.

At the hearing on this motion, the Court asked Plaintiff's counsel to explain what relief he was seeking under the Declaratory Judgment Act.  His response was that he was seeking a declaratory judgment "on causation."  This did not further the Court's understanding of the claim.  To the extent Plaintiff is asking the Court to find, as a matter of law, that Plaintiff is entitled to UIM benefits under the policy, the Court will decline.  As explained above, that remains a question of fact for trial.  Whether Plaintiff is entitled to UIM benefits under the policy is not properly brought under the New Mexico Declaratory Judgment Act.  Thus, there appears to be no justiciable claim for declaratory judgment.  However, on the briefing filed thus far, Defendant has not satisfied me that it is entitled to summary judgment on this ground.  Therefore, I will deny without prejudice Defendant's motion for summary judgment on Plaintiff's claim for declaratory judgment at this time.

## Conclusion

Defendant is entitled to summary judgment on Plaintiff's claim for damages arising from his shingles, because he has no admissible evidence to support his claim.  However, Defendant is not entitled to summary judgment on Plaintiff's other breach-of-contract claims based on his other injuries.  Even assuming that Plaintiff's left rotator cuff was torn prior to the accident, Plaintiff may still recover for the aggravation of the torn rotator cuff.  Finally, at this time, Defendant fails to show that it is entitled to summary judgment on the claim for declaratory judgment.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Allow Extension of Two Days for Plaintiff's Response [Doc. 112] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Auto-Owners' Insurance Company's Motion for Summary Judgment [Doc. 99] is **GRANTED in part and DENIED in part**. Defendant is hereby granted summary judgment in its favor on Plaintiff's claim for damages arising from his shingles. However, Defendant's motion for summary judgment on Plaintiff's breach-of-contract claim arising from his other bodily injuries is denied, as is Defendant's motion for summary judgment on Plaintiff's claim for declaratory judgment.

**IT IS SO ORDERED**.

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**