IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELVIN SMITH and STAN FOWLER,

    Plaintiffs,[1]

v.                                                   No. 15-cv-1153 SMV/GBW

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Fowler's Motion for Reasonable Attorney's Fees and Cost[s] pursuant to the . . . Offer of Judgment and Acceptance [Doc. 94], filed on February 3, 2017. Briefing is complete, [Docs. 95, 104, 109], and oral argument was held on June 19, 2017. Having considered the briefing, record, oral argument, and the relevant law, the Court finds that Defendant has shown that it would be unreasonable, inequitable, or excessive to award Plaintiff Fowler more than $47,073.61 in attorney fees and costs.

## Background

Plaintiff Stan Fowler was traveling in an automobile owned by Principal Mobility and insured by Defendant Auto-Owners Insurance Company ("AOI") in July of 2012 when it was struck from behind by a vehicle driven by a State Farm insured. State Farm's driver was at fault for the accident. State Farm contributed its $100,000 liability policy limits to satisfy the claims of the various injured parties, including Plaintiff Fowler. As a result of the accident, Plaintiff Fowler received $46,168.90 from State Farm. [Doc. 104] at 2. Plaintiff Fowler also attempted

---

[1] Judgment was entered in favor of Plaintiff Stan Fowler on November 2, 2016, after he accepted Defendant's offer of judgment. [Doc. 84].

to recover from Pekin Insurance, through which he had a motorcycle policy, but he was not successful. *Id.*; *see* [Doc. 109] at 4.

Plaintiff Fowler made an underinsured motorist claim to Defendant for $939,231.42, which included his $30,530 in medical bills. [Doc. 104] at 2; [Doc. 109] at 3. Defendant did not pay that amount, and Plaintiff Fowler filed suit.[2] [Doc. 1-1]. Eventually, Defendant tendered an Offer of Judgment to Plaintiff Fowler for "the total amount of Fifty Thousand Dollars ($50,000.00), plus a reasonable amount of attorney[']s fees and costs as agreed upon by the parties or, if an agreement cannot be reached, as determined by the Court." [Doc. 78] at 1. Plaintiff accepted the Offer of Judgment on September 29, 2016, but the parties cannot agree on a "reasonable amount of attorney[']s fees and costs." *Id.* Plaintiff requests $89,850.57. [Doc. 109] at 8. Defendant argues that only $46,300.03 would be reasonable. [Doc. 104] at 1–2.

### **Standard**

> [W]here contracting parties have agreed that [one] party will be liable for attorneys' fees, the purpose of the award is to give the parties the benefit of that bargain, and the court's responsibility is to enforce that bargain. Normally, where the court is merely enforcing a contractual provision authorizing attorneys' fees, the fees are routinely awarded and the contract is enforced according to its terms. *See Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1337-38 (10th Cir. 1984) (applying New Mexico law).
> . . . . This does not mean, however, that the trial court should simply award the full amount billed by the [moving] party's attorneys. . . . Clearly, the trial court has discretion to adjust or

---

[2] In Plaintiff's Complaint for Breach of Underinsured Motorist Insurance Contract and Torts, he asserts four counts: (I) Breach of Contract, (II) Punitive Damages under the Contract, (III) Complaint for Bad Faith, Misrepresentation, and Fraud, and (IV) Declaratory Judgment. [Doc. 1-1] at 1–28. The Honorable Gregory B. Wormuth, United States Magistrate Judge, has bifurcated discovery into two phases. "Phase 1 . . . address[es] Plaintiff's contractual claims, and Phase 2 . . . address[es] Plaintiff's extra-contractual claims." [Doc. 33] at 1. Phase 1 discovery concluded on December 9, 2016. [Doc. 82].

2

> even deny a contractual award of fees if such an award would be inequitable or unreasonable.
>
> . . . .
>
> . . . . In considering whether a fee is unreasonable or excessive, the trial court need not wholly disregard the familiar factors from the federal cases awarding fees in a statutory context [such as the number of hours reasonably spent in the litigation, reasonable hourly rate, reduction for claims lost, and enhancement for exceptional success]. *See, e.g., Ramos v. Lamm*, 713 F.2d 546[, 553–58] (10th Cir. 1983). . . .

*United States ex rel. C.J.C., Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1548–50 (10th Cir. 1987) (internal citations omitted). The payor bears the burden of proving that the fees are unreasonable, inequitable, or excessive. *Simplot v. Chevron Pipeline, Co.*, 563 F.3d 1102, 1119 (10th Cir. 2009).

## Analysis

The disputed amounts can be divided into three categories. First, the parties dispute whether Plaintiff is entitled to fees for his efforts to obtain settlements from State Farm and Pekin. *See* Defendant's Exhibit 6 [Doc. 104-2] at 16–19 (fees disputed on this ground). Defendant argues that such efforts would have been incurred regardless of whether Plaintiff had pursued any claim against Defendant. [Doc. 104] at 5–7; *see* Exhibit 6 [Doc. 104-2] at 16–19 (billing entries). In other words, these fees were not incurred in connection with this litigation. [Doc. 104] at 5–7. Plaintiff argues that Defendant should pay the fees because Defendant benefitted from the work. Defendant's ability to pay underinsured motorist benefits is reduced, or offset, by the liability proceeds received from State Farm. Therefore, as Plaintiff sees it, Defendant benefitted from the work and should pay for it. [Doc. 94] at 3; [Doc. 109] at 3–4.

3

The Court agrees with Defendant. Under the circumstances of this case, Plaintiff's efforts to recover from State Farm and Pekin are too attenuated from Plaintiff Fowler's claims against Defendant in this litigation. Plaintiff would have incurred these fees irrespective of the claims against Defendant in this litigation. Plaintiff asks the Court to interpret the phrase "a reasonable amount of attorney['s] fees" as "any and all attorney's fees incurred by Plaintiff between the date of the accident and the settlement of Plaintiff's claims against Defendant." That is an unreasonable interpretation. The Court believes the reasonable interpretation to be, "all reasonable attorney's fees incurred in obtaining a settlement of Plaintiff's claims raised in this litigation." It would be unreasonable and inequitable to interpret a "reasonable amount of attorney[']s fees and costs" as including fees incurred in pursuing claims against State Farm or Pekin. Therefore, the Court will not award the disputed fees listed in Defendant's Exhibit 6 [Doc. 104-2] at 16–19, but will award the undisputed fees, which total $431.25, *id.* at 19.

Second, the parties dispute whether Plaintiff should receive the full amount billed, or only half, for time entries that are attributable to *both* Plaintiffs. *See* Defendant's Exhibit 7 [Doc. 104-2] at 21–27 (fees disputed on this ground). For example, Plaintiff Fowler lists entries for "review of medical bills," [Doc. 104-2] at 21 (entry number 22), and "Work on discovery," *id.* at 24 (entry number 190). Defendant urges that counsel necessarily spent more time on these tasks because they involved two plaintiffs.[3] [Doc. 104] at 8–9. Defendant argues, therefore, that it should not be required to pay the full amounts listed but, instead, only half. *Id.* Plaintiff

---

[3] Defendant is clear that it does *not* dispute work that would have been required whether there were one or two Plaintiffs. [Doc. 104] at 8–9. For example, Defendant does not dispute or seek any reduction for the amount of time to draft the Complaint or to attend the Rule 16 Scheduling Conference. *Id.*; *compare* Exhibit 5 [Doc. 104-2] at 1–15 (undisputed fees), *with* Exhibit 7 [Doc. 104-2] at 21–27 (disputed fees).

argues that he has already withdrawn the entries for "work solely for Smith." [Doc. 109] at 2. So, as Plaintiff sees it, any further reduction would really be a double reduction. *Id.* Plaintiff does not argue that these disputed entries actually only reflect work for Plaintiff Fowler. The Court is persuaded by Defendant. It would be inequitable, unreasonable, and excessive to award any more than half of the amounts listed in Defendant's Exhibit 7, [Doc. 104-2] at 21–27. Thus, the Court will award $15,911.63, *id.* at 27.

Lastly, Defendant argues that certain other fees requested are unreasonable altogether. [Doc. 104] at 9–11; *see* Exhibit 8 [Doc. 104-3] at 1–4 (disputed fees). Defendant specifies its arguments as to each billing entry on Exhibit 8. [Doc. 104-3] at 1–4. The Court has grouped these arguments into six categories.

(1) Plaintiff concedes that entry numbers 238 and 269 should not be awarded. [Doc. 109] at 7. Those fees will not be awarded.

(2) Defendant argues that the entry numbers 4, 6, 8, 12, 21, and 77 are either too vague or too temporally remote, or both, to be connected to this litigation. [Doc. 104-3] at 1. Plaintiff offers no comprehensible argument as to why he is entitled to these fees. *See* [Doc. 109] at 5. Defendant has met its burden to show that these entries are unreasonable, and none will be awarded.

(3) Plaintiff has billed for time his attorney spent drafting interrogatories that were later withdrawn and drafting an amended complaint that was never filed. *See* [Doc. 104-3] at 1 (entry numbers 116, 117). The Court finds that it would be unreasonable, excessive, and inequitable to award Plaintiff these fees.

5

(4) Defendant filed a motion to compel Plaintiff to supplement his responses to certain discovery requests. [Doc. 35]. After the motion was filed, Plaintiff supplemented his responses and Defendant withdrew its motion. [Doc. 42]. It would be inequitable to award Plaintiff any fees in this situation. *See generally* Fed. R. Civ. P. 37(a)(5)(A) (requiring the court to award reasonable expenses including attorney fees to the moving party if the disclosure or requested discovery is provided after the motion was filed unless certain exceptions apply).

(5) Plaintiff filed his own motion to compel responses to written discovery. [Doc. 43]. The Honorable Gregory B. Wormuth, United States Magistrate Judge, denied the motion because it did not include the disputed discovery requests themselves and, thus, failed to comply with the Local Rules. [Doc. 62] at 1–2. Judge Wormuth nevertheless offered guidance on Plaintiff's apparent misunderstanding of the scope of permissible discovery at that time. *Id.* at 3–4. He clarified that discovery on the extra-contractual claims was not yet permissible. *Id.* Under these circumstances, it would be inequitable to award Plaintiff any fees related to the motion. *See generally* Fed. R. Civ. P. 37(a)(5)(B) (requiring the court to award reasonable expenses including attorney fees to the non-moving party when the motion is denied, unless the motion was substantially justified or other circumstances would make an award unjust).

(6) Lastly, Defendant filed a motion to require Plaintiff to destroy a document that had been inadvertently produced in discovery. [Doc. 66]. Plaintiff opposed the motion and ultimately lost. [Doc. 79]. Although Plaintiff's position and briefing were less than exemplary, the Court cannot say that it would be unreasonable, inequitable, or excessive to award fees for counsel's work on the matter. Accordingly, the Court will award fees for entry numbers 228,

229, 231, 232, 233, 238, 239, 269, and 275. In these entries, Plaintiff bills more than 25 hours for crafting the response to Defendant's motion, addressing three emails from defense counsel, and reviewing Defendant's reply. This amount of time is excessive, especially considering that the response comprised only four pages. [Doc. 67]. The Court finds that it would be unreasonable and excessive to award any more than 15 hours for this work, yielding $3,750.

## Conclusion

The Court finds that it would be unreasonable, inequitable, or excessive to award more than $47,073.61 in attorney fees and costs to Plaintiff Fowler pursuant to the Offer of Judgment. This amount accounts for the billing entries "approved" by Defendant in its Exhibit 5 ($26,980.73), [Doc. 104-2] at 15; its Exhibit 6 ($431.25), [Doc. 104-2] at 19; its Exhibit 7 ($15,911.63), [Doc. 104-2] at 27; and $3,750 for work reflected in Exhibit 8, [Doc. 104-3] at 1−4.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff Fowler's Motion for Reasonable Attorney's Fees and Cost[s] pursuant to the . . . Offer of Judgment and Acceptance [Doc. 94] is **GRANTED in part and DENIED in part**. Plaintiff Fowler is awarded $47,073.61 in attorney fees and costs **within 30 days**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**