# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MELVIN SMITH and STAN FOWLER,

    Plaintiffs,[1]

v.                                         No. 15-cv-1153 SMV/GBW

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Auto-Owners Insurance Company's Global Motion *In Limine* [Doc. 139], filed on December 4, 2017. Briefing is complete. [Docs. 140, 141]. Oral argument is not necessary because the motion can be decided on the briefs. Having considered the briefing, record, and the relevant law, the Court finds that the motion is well-taken and will be granted in part. Ruling is reserved on Defendant's request to exclude any "theories of liability not pleaded in Plaintiff's Complaint and outside the Scope of Phase 1." Otherwise, the motion will be granted.

This motion centers on whether Plaintiff adequately disclosed his treating medical providers as experts, and if not, whether they should be precluded from offering expert testimony at trial. Plaintiff did not disclose any of his treating providers as experts in his initial disclosures. *See* [Doc. 139] at 1–2, [Doc. 139-1]. Nor did he disclose any of them as experts in the Joint Status Report. [Doc. 12]. Nor did he include any of them in his expert witness disclosure. [Doc. 104-2].

---

[1] Judgment was entered in favor of Plaintiff Stan Fowler on November 2, 2016, after he accepted Defendant's offer of judgment. [Doc. 84]. Melvin Smith is the sole remaining Plaintiff in this case.

Accordingly, Defendant moves to exclude any testimony from Plaintiff's treating medical providers that exceeds the scope of Federal Rule of Evidence 701 (Opinion Testimony by Lay Witnesses). The Court agrees. The treating providers were not disclosed. The lack of disclosure was neither justified nor harmless. The treating providers may not offer testimony or other evidence that exceeds the scope of Fed. R. Evid. 701.

Defendant's remaining requests for exclusion will be granted except as to "theories of liability not pleaded in Plaintiff's Complaint and outside the Scope of Phase 1;" on that request, the Court reserves ruling until the Pretrial Conference.

## **Standards**

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to "disclose . . . the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Under the rules, expert disclosures must be in writing, signed by counsel, and served on opposing counsel. Fed. R. Civ. P. 26(a)(4). If the court instates a delivery deadline for expert disclosures, the rules impose stiff penalties for noncompliance—namely, failure to adhere with Rule 26(a) disclosure requirements will prevent a party from using such evidence at trial unless the failed disclosure was harmless or substantially justified. Fed. R. Civ. P. 37(c)(1). In exercising its "broad discretion" to determine whether a Rule 26 violation is justified or harmless, the court considers "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or

willfulness." *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999)).

Under Rule 26 a party must disclose *any* individual who plans to provide expert testimony, regardless of whether the individual is retained or specially employed. *See* Fed. R. Civ. P. 26(a)(2)(A). The distinction between expert witnesses and expert witnesses retained or specially employed is the written report requirement, not the disclosure requirement. *See* Rule 26(a)(2)(A)–(B). As succinctly explained by the Seventh Circuit in *Musser v. Gentiva Health Servs.,* "*all* witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A); [but] only those witnesses '*retained or specially employed to provide expert testimony*' must submit an expert report complying with Rule 26(a)(2)(B)." 356 F.3d 751, 756–57 (7th Cir. 2004) (quoting Fed. R. Civ. P. 26(a)(2)(B)); *accord Farris v. Intel Corp.,* 493 F. Supp. 2d 1174, 1179–80 (D.N.M. 2007); *Blodgett v. United States*, 2008 U.S. Dist. LEXIS 35804, at *14, 2008 WL 1944011, at *5 (D. Utah May 1, 2008) (unpublished); *Wirtz v. Kan. Farm Bureau Servs., Inc.,* 355 F. Supp. 2d 1190, 1211 (D. Kan. 2005); Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment.

"Under Tenth Circuit law, treating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient." *Witherspoon v. Navajo Refining Co., L.P.,* 2005 U.S. Dist. LEXIS 46148, 2005 WL 5988650, at *2 (D.N.M. June 28, 2005) (explaining that because the plaintiffs did not disclose their treating physician as an expert, the physician "may not provide testimony beyond what she perceived or did . . . [a]s such, any causation opinions drawn by [the doctor] are excluded").

# I. Defendant's request to preclude Plaintiff's treating providers from offering expert testimony will be granted.

Defendant argues that Plaintiff failed to disclose any treating provider under Fed. R. Civ. P. 26(a)(2)(C), and therefore, no treating provider should be permitted to testify beyond the scope of Fed. R. Evid. 701. The Court agrees.

## A. Local Rule 26.3(b) and (c) are not applicable here and do not relieve Plaintiff of his disclosure obligation under Federal Rule of Civil Procedure 26(a)(2)(C).

Plaintiff argues that he was not required to disclose any treating provider under Fed. R. Civ. P. 26(a)(2)(C) because D.N.M.LR-Civ. 26.3(b) exempts treating providers. [Doc. 140] at 2. Plaintiff is incorrect. Under the Local Rules, "[t]reating physicians need not prepare an expert *report* as required by Fed. R. Civ. P. 26(a)(2)(*B*)." D.N.M.LR-Civ. 26.3(b) (emphases added). The Local Rule exempts treating physicians from having to provide a written expert *report* under Fed. R. Civ. P 26(a)(2)(*B*); it does not exempt them from having to be adequately *disclosed* under Fed. R. Civ. P. 26(a)(2)(*C*). Besides, reading the local and federal rules as Plaintiff suggests would render subsection (a)(2)(C) of Federal Rule 26 superfluous.

Plaintiff additionally seems to argue that Local Rule 26.3(c) relieved him of the duty to disclose his treating providers as experts under Fed. R. Civ. P. 26(a)(2)(C). [Doc. 140] at 2, 6. Under this Local Rule, "[w]hen required disclosures have previously been made in the Joint Status Report . . . , the required disclosures pursuant to Fed. R. Civ. P. 26 may incorporate portions of the Joint Status Report." D.N.M.LR-Civ. 26.3(c). By its plain language, the rule in irrelevant here. Moreover, in the Joint Status Report, [Doc. 12], Plaintiff did not identify any of

4

Plaintiff's treating providers as experts or otherwise satisfy the disclosure requirement of Fed. R. Civ. P. 26(a)(2)(C).

### B. Plaintiff did not disclose any treating provider under Fed. R. Civ. P. 26(a)(2)(C).

Next, Plaintiff argues that he, in fact, adequately disclosed his treating providers. [Doc. 140] at 2–6. He argues that his August 1, 2016 letter satisfied the disclosure requirement. *Id.* at 2 (citing [Doc. 104-2]). He further argues that his signed authorizations to release medical records, or the medical records themselves, which he produced, constituted adequate disclosure. *Id.* Next, Plaintiff argues that the depositions of the providers satisfy Rule 26(a)(2)(C). Plaintiff is incorrect; none of these amounts to adequate disclosure.

<u>i. The August 1, 2016 letter does not satisfy Rule 26(a)(2)(C).</u>

The August 1, 2016 letter [Doc. 140-2] does not disclose any treating provider under Fed. R. Civ. P. 26(a)(2)(C). The letter's regarding line reads "Disclosure of expert Testimony under Federal Rule 26(a)(2)(B) retained to provide expert testimony." [Doc. 140-2]. The letter names an accident reconstructionist, Carlos C. Sapien, and an economist, Stan V. Smith, Ph.D., and indicates that their opinions are attached. *Id.* The letter discloses no other witness. The remainder of the letter reads:

> You have previously been sent the opinions of the medical personnel, itemizations of medical procedures and bills and have releases by both Plaintiffs so you have those records pursuant after the collision and before any contact with an attorney, additional copies of those records which was part of the demand for settlement and a third set from a second group of releases after litigation occurred. I don't believe you have provided me the records pursuant to those releases so I am requesting those ASAP. As you are aware State Farm has refused to provide the entire

5

> record from the Tortfeasor which was the subject of the Magistrate
> Judges questions. We continue to attempt to get that information.

[Doc. 140-2] (errors in original). There is simply no reading of the letter that could be interpreted as constituting a disclosure of the identity of any other witness, the subject matter on which such witness would be expected to testify, or a summary of facts and opinions to which such witness would be expected to testify. *See* Fed. R. Civ. P. 26(a)(2)(A), 26(a)(2)(C).

### ii. Neither the releases nor the medical records satisfy Rule 26(a)(2)(C).

Similarly, neither the signed authorizations to release medical records, nor the medical records themselves constitute adequate disclosure under Fed. R. Civ. P. 26(a)(2)(C). If signed releases or medical records were adequate, subsection (a)(2)(C) would be meaningless. Furthermore, Plaintiff has not shown that the medical records reflect any of the opinions he would like to tender at trial.

### iii. The depositions do not satisfy Rule 26(a)(2)(C).

Next, Plaintiff argues that Defendant "effectively consented or opened the door to the treating physicians['] opinions as experts under Rule 702 which also lead to questions by the Plaintiff of the causation elicited from the doctors from the questions of [Defendant] and responses to clarify the medical issues[.]" [Doc. 140] at 3–6 (citing to excerpts of treating provider deposition transcripts). This argument is unclear. The depositions of the treating providers in this case do not amount to Rule 26(a)(2)(C) disclosures, and even if they did, they would have been untimely. Plaintiff's deadline to disclose experts was August 8, 2016. [Docs. 63, 64]. He did not notice the depositions until October 28, 2016, and they were not

taken until November 29, 2016—three months and three weeks after the deadline. [Doc. 141-3] (notice of depositions of treating providers).

### iv. Plaintiff's failure to disclose his treating providers under Rule 26(a)(2)(C) was neither justified nor harmless.

"If a party fails to . . . identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In considering whether a failure to disclose an expert was justified or harmless, courts consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen,* 287 F.3d at 953.

Here, Defendant will suffer prejudice if Plaintiff's treating providers are allowed to offer testimony beyond the scope of Rule 701. Because Plaintiff did not disclose his treating providers as experts, defense counsel did not prepare for their depositions as she would have for expert depositions. Defense counsel did not question the providers as she would have questioned medical experts. Unaware of the opinions the treating providers would give, defense counsel had no opportunity to consult her own experts to help her prepare for the depositions.

To make matters worse, Plaintiff's counsel has represented that he intends to call the treating medical providers (all of whom reside out of state) by deposition at trial. Therefore, even if Plaintiff were to provide a proper disclosure under Rule 26 at this time, Defendant would have no opportunity to cross-examine the providers on their expert opinions. Additionally, by failing to identify his treating providers as experts and by failing to set forth the scope of their

7

opinions, Plaintiff deprived Defendant of the opportunity to identify experts who could review, analyze, and rebut those opinions. Trial is set for February 26, 2018, which is six weeks away. In that short time, the Court sees almost no workable avenue for Plaintiff to cure the prejudice.

On the other hand, allowing the testimony would not disrupt the trial, and the Court is not convinced that Plaintiff's failure resulted from bad faith or willfulness.

Weighing these factors, the Court finds that Plaintiff's failure to disclose his treating providers under Fed. R. Civ. P. 26(a)(2)(C) was neither justified nor harmless. Accordingly, the Court will limit their testimony to the scope of Fed. R. Evid. 701.

### C. Because the treating providers were not disclosed, their testimony is confined to that of a lay witness under Fed. R. Evid. 701.

Plaintiff argues that even if the testimony of his treating providers is confined to lay testimony under Fed. R. Evid. 701, they may still offer "opinions about causation, diagnosis and prognosis and prognosis, the extent of present and future disability, and the need for future medical treatment, . . . based on the physicians personal knowledge." [Doc. 140] at 6 (internal quotation marks and parenthesis omitted) (ellipsis and errors in original). As support, Plaintiff cites to *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). [Doc. 104] at 6. The Court is not persuaded.

*Davoll* was decided in 1999—before the year 2000 amendment to Federal Rule of Evidence 701.[2] Therefore, to the extent that *Davoll* could be read as allowing a treating

---

[2] Rule 701 was amended to prevent the admission of expert witness evidence "in lay witness clothing." Fed. R. Evid. 701 advisory committee's note to 2000 amendment. Where the testimony is "based on scientific, technical, or other specialized knowledge," the amendment required it to be scrutinized under Rule 702, not Rule 701. *Id.* "By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensure[d] that a party

opinions, Plaintiff deprived Defendant of the opportunity to identify experts who could review, analyze, and rebut those opinions. Trial is set for February 26, 2018, which is six weeks away. In that short time, the Court sees almost no workable avenue for Plaintiff to cure the prejudice.

On the other hand, allowing the testimony would not disrupt the trial, and the Court is not convinced that Plaintiff's failure resulted from bad faith or willfulness.

Weighing these factors, the Court finds that Plaintiff's failure to disclose his treating providers under Fed. R. Civ. P. 26(a)(2)(C) was neither justified nor harmless. Accordingly, the Court will limit their testimony to the scope of Fed. R. Evid. 701.

### C. Because the treating providers were not disclosed, their testimony is confined to that of a lay witness under Fed. R. Evid. 701.

Plaintiff argues that even if the testimony of his treating providers is confined to lay testimony under Fed. R. Evid. 701, they may still offer "opinions about causation, diagnosis and prognosis and prognosis, the extent of present and future disability, and the need for future medical treatment, . . . based on the physicians personal knowledge." [Doc. 140] at 6 (internal quotation marks and parenthesis omitted) (ellipsis and errors in original). As support, Plaintiff cites to *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). [Doc. 104] at 6. The Court is not persuaded.

*Davoll* was decided in 1999—before the year 2000 amendment to Federal Rule of Evidence 701.[2] Therefore, to the extent that *Davoll* could be read as allowing a treating

---

[2] Rule 701 was amended to prevent the admission of expert witness evidence "in lay witness clothing." Fed. R. Evid. 701 advisory committee's note to 2000 amendment. Where the testimony is "based on scientific, technical, or other specialized knowledge," the amendment required it to be scrutinized under Rule 702, not Rule 701. *Id.* "By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensure[d] that a party

physician to "state 'expert' facts to the jury" when testifying as a lay witness, the case has been overruled. *EEOC v. Sbarro's Italian Eatery,* 2003 U.S. Dist. LEXIS 28195, *3–4 (D. Utah Sept. 11, 2003) (unpublished) (holding that the plaintiff's treating provider, who had not been properly disclosed as an expert, "may not offer any testimony regarding any medical evaluation or diagnosis" of the plaintiff and further noting that *Davoll v. Webb* had been "overruled by the 2000 amendment to the Federal Rule of Evidence 701").

## II. Defendant's remaining requests will be granted except one, on which ruling is reserved.

Defendant moves to exclude the following evidence. Plaintiff makes no substantive argument in opposition. [Doc. 140] at 1, 7. The following is excluded from trial:

- Any previously undisclosed witnesses and evidence

- Any testimony or evidence regarding shingles

- Any expert testimony or evidence attempting to quantify hedonic damages

- Any testimony or evidence regarding the financial net worth of Defendant or the financial disparity of the parties.

- Any testimony or evidence regarding other lawsuits against Defendant

- Any testimony or evidence regarding settlement negotiations

- Any testimony or evidence regarding absent witnesses

- Any testimony suggesting that Defendant failed to produce documents

---

w[ould] not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson." *Id.*

- Any testimony that Defendant has not tendered, or delayed in tendering, payment to former co-Plaintiff Stan Fowler

Defendant further requests that the Court exclude any theories of liability not pleaded in Plaintiff's Complaint or outside the Scope of Phase 1. Although Plaintiff makes no substantive argument in opposition, the Court will reserve ruling on that request until the Pretrial Conference set for February 2, 2018.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Auto-Owners Insurance Company's Global Motion *In Limine* [Doc. 139] is **GRANTED in part**. Ruling is **RESERVED** as to "theories of liability not pleaded in Plaintiff's Complaint and outside the Scope of Phase 1." Otherwise, the Motion is **GRANTED**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**