IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELVIN SMITH and STAN FOWLER,

    Plaintiffs,[1]

v.                                                                             No. 15-cv-1153 SMV/GBW

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on two motions filed by Plaintiff on February 1 and 2, 2018. [Docs. 157, 158]. Both motions will be denied.

<u>Plaintiff's Motion for Clarification of the Court's Memorandum Opinion and Order and Motion [to] Remand [Doc. 157], filed on February 1, 2018.</u>

Plaintiff challenges the Court's ruling on Defendant's Motion in Limine. Plaintiff argues that the Motion in Limine was untimely filed. [Doc. 157] at 2. However, Plaintiff failed to raise this argument in his briefing on the Motion in Limine. Therefore, it is waived. In any event, the Motion in Limine, which was filed on December 4, 2017, was timely. *See* [Doc. 135] at 1 (setting the deadline on December 4, 2017).

At times, Plaintiff characterizes his motion as one for "clarification," at other times, for reconsideration.[2] However, Plaintiff offers nothing to warrant reconsideration. He cites to nothing showing "(1) an intervening change in the controlling law, (2) new evidence previously

---

[1] Judgment was entered in favor of Plaintiff Stan Fowler on November 2, 2016, after he accepted Defendant's offer of judgment. [Doc. 84]. Melvin Smith is the sole remaining Plaintiff in this case.

[2] In the final paragraph of the motion, Plaintiff asks the Court to "reconsider the order of dismissal [Doc. 146] and allow the Plaintiff to further comply with Rule 26 disclosures." [Doc. 157] at 21.

unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). Rather, Plaintiff attempts to "reargue [the] issue[s] previously addressed by the court [and] merely advances new arguments[] or supporting facts which were available at the time of the original motion." *Id.* The request is denied for the substantially the same reasons as expressed in the Court's Order on Defendant's Motion in Limine [Doc. 146].

Plaintiff's motion includes several references to the complaint's having been dismissed. [Doc. 157] at 2, 7, 16, 20, 21. This is inaccurate. The complaint has not been dismissed.

Plaintiff moves to remand this case to state court, [Doc. 157] at 1, 20–21, but he offers no argument to support remand. On February 5, 2018, Plaintiff filed a separate Motion to Remand [Doc. 159]. The request to remand will be decided on that Motion to Remand in due course.

Finally, Plaintiff argues that the "extra-contractual issues [should] continue on even if the contractual issues are in favor of the Defendant." [Doc. 157] at 20 (emphasis omitted). However, the contractual claims have not yet been adjudicated. The Court will address the extra-contractual claims at the appropriate time following the trail of the contractual claims.

<u>Plaintiff's Motion to Submit Theories of Liability not Plead[ed] Pursuant to the Court[']s Order [Doc. 146], and Motion to Amend [Doc. 158], filed on February 2, 2018.</u>

It appears that Plaintiff requests three forms of relief in this motion. First, he asks for permission to present evidence of his phase 2 (extra-contractual) claims at the trial on his phase 1 (contractual) claims. *See generally* [Doc. 33] (assigning a phased case-management schedule with phase 1 addressing Plaintiff's contractual claims and phase 2 addressing Plaintiff's extra-contractual claims). This request is denied.

Second, Plaintiff asks the Court to declare that his phase 2 claims will proceed regardless of the outcome of the phase 1 claims, which are being tried on February 26, 2018. The Court declines to make such a determination at this time.

Finally, Plaintiff appears to request that his uninsured/underinsured motorist coverage premiums be returned to him. [Doc. 158] at 8, ¶ 10. The request will be denied.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Clarification of the Court's Memorandum Opinion and Order and Motion [to] Remand [Doc. 157] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Submit Theories of Liability not Plead[ed] Pursuant to the Court[']s Order . . . and Motion to Amend [Doc. 158] is **DENIED**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**