# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MELVIN SMITH and STAN FOWLER,

    Plaintiffs,[1]

v.                                                    No. 15-cv-1153 SMV/GBW

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Remand [Doc. 159], filed February 5, 2018. Plaintiff argues that the Court lacks subject matter jurisdiction, and therefore, the case should be remanded to state court. The Court heard some argument on the motion at the Pretrial Conference on February 7, 2018. No response has been filed yet, but none is necessary. The Court finds, based on clear and convincing evidence that at all times relevant to the determination of jurisdiction: Defendant is and has been a citizen of Michigan; Plaintiff Smith and former-Plaintiff Fowler are and have been citizens of Illinois; and the amount in controversy exceeds $75,000. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The motion will be denied.

## Standard

Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908). District courts have original jurisdiction of all civil actions between citizens of different States,

---

[1] Judgment was entered in favor of Plaintiff Stan Fowler on November 2, 2016, after he accepted Defendant's offer of judgment. [Doc. 84]. Melvin Smith is the sole remaining Plaintiff in this case.

as long as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. § 1332(a). The party asserting federal jurisdiction is required to prove jurisdictional facts by a "preponderance of the evidence[.]" *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). The relevant time period for proving jurisdictional facts is the time of the filing of the complaint. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015). The "time-of-filing" rule requires a determination of "the jurisdictional facts as they are when the complaint is filed, not as they might be upon final judgment." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). Accordingly, in determining whether a court has diversity jurisdiction, the court must evaluate whether the parties were diverse at the time the complaint was filed. *Id.* Similarly, the amount in controversy requirement is determined *at the time the complaint is filed.*" *Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir. 1994) (emphasis added).

<u>At the time of the filing of the Complaint,
Plaintiffs and Defendant were citizens of different states.</u>

In the Complaint, which was filed November 16, 2015, Plaintiff (and former co-Plaintiff, Mr. Fowler) alleged that they were citizens of New Mexico. [Doc. 1-1] at 1. However, on August 9, 2017, on inquiry by the Court, Plaintiff's counsel retracted that assertion. [Doc. 133] at 1. Plaintiff's counsel alleged that at the time of the underlying accident and currently, Plaintiff Smith and his former co-Plaintiff Fowler were citizens of Illinois. *Id.*; Audio Recording of Status Conference held on August 9, 2017, Picacho Courtroom at 9:33–34.

As to Defendant, in its Notice of Removal [Doc. 1], filed on December 18, 2015, Defendant alleged that it was a citizen of Michigan. At the Pretrial Conference held on

2

February 7, 2018, defense counsel maintained that Defendant was a citizen of Michigan and submitted documentation establishing its state of incorporation as Michigan and its principal place of business in Lansing, Michigan. *See* Ex. 1, attached hereto.

Based on clear and convincing evidence, the Court finds that, at the time of the filing of the Complaint, Defendant was a citizen of Michigan. *See* § 1332(c) (A corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business). The Court further finds that, at the time of the filing of the Complaint, neither Plaintiff was a citizen of Michigan. At the relevant time period, therefore, the parties were diverse.

In his Motion to Remand, Plaintiff makes two arguments regarding Defendant's citizenship. Neither argument is meritorious. First, Plaintiff argues that Defendant is a citizen "of every state." [Doc. 159] at 5. He bases his argument on the second half of § 1332(c)(1), which reads:

> (c) For the purposes of this section and section 1441 of this title—
> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that *in any direct action against the insurer of a policy or contract of liability insurance*, whether incorporated or unincorporated, *to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of*—
>> (A) *every State and foreign state of which the insured is a citizen*;
>> (B) every State and foreign state by which the insurer has been incorporated; and
>> (C) the State or foreign state where the insurer has its principal place of business[.]

3

§ 1332(c)(1) (emphases added). This is known as the "direct action exception." The idea is that when a plaintiff forgoes suing his tortfeasor and, instead, sues his tortfeasor's insurance company directly, the insurance company is deemed to be a citizen of every state and foreign state of which the (insured) tortfeasor is a citizen. *See Tuck v. United Services Auto. Assoc.*, 859 F.2d 842, 847 (10th Cir. 1988). It is clear that when an insured sues *his own insurer*, the action is not a direct action within the meaning of § 1332(c)(1). *Id.*; *Powers v. Allstate Motor & Cas. Ins. Co.*, 2010 U.S. Dist. LEXIS 64470, 2010 WL 2270182, at *2 (D. Colo. June 7, 2010) (collecting cases). The "general rule is that the proviso does not affect suits against the insurer based on its independent wrongs: such as actions brought against the insurer either by the insured for failure to pay policy benefits or by an injured third party for the insurer's failure to settle within policy limits or in good faith." *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 675 (2d Cir. 1992).

Here, Plaintiff's claims against Defendant for breach of contract, bad faith, and punitive damages are based on allegations of Defendant's own independent wrongs. *See* [Doc. 1-1] at 1−15. As such, Plaintiff's claims do not fall within the limited scope of the direct action exception.

Second, Plaintiff cites to *Roadcap v. Auto-Owners Ins. Co*., 2014 U.S. Dist. LEXIS 112059, for the proposition that Defendant is a citizen of the state of Ohio. In *Roadcap*, the District of Colorado, indeed, found that the defendant was a citizen of Ohio because it had been incorporated in Ohio and had its principal place of business in Lima, Ohio. *Id.* at *2–3. The court relied on the Notice of Removal, in which the defendant had made such representations. *Id.* On review, however, of the actual Notice of Removal, attached hereto as Ex. 2, it is clear that

4

the defendant in *Roadcap* was not Auto-Owners Ins., Co. Initially, in filing her complaint, Ms. Roadcap had incorrectly named Auto-Owners Ins. Co. as the defendant. However, in the Notice of Removal, the defendant explained that naming Auto-Owners Ins. Co. was an error. The correct name was Owners Insurance. Corresponding to Owners Insurance—and not Auto-Owners Ins. Co.—were various exhibits establishing Owners' principal place of business in Lima, Ohio, and state of incorporation as Ohio. Ex. 2 at 2 n.2. *Roadcap*, therefore, is not relevant to the determination of Defendant's citizenship. Even if Defendant were a citizen of Ohio, the parties would still be diverse. There is no evidence in the record, nor any suggestion by either party, that Plaintiff Smith or former-Plaintiff Fowler is or was a citizen of Ohio.

At the time of the filing of the Complaint,
the amount in controversy exceeded $75,000.

Plaintiff appears to argue that the amount in controversy does not exceed $75,000, and therefore, the Court lacks diversity jurisdiction. [Doc. 159] at 7. He bases his argument on his settlement demand of $75,000, which he tendered on Sunday, February 4, 2018, one day before filing his Motion to Remand. [Doc. 159-2] at 2. The Court rejects Plaintiff's argument that the amount in controversy is not met.

"[A] plaintiff may not defeat removal by subsequently changing his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached." *Asociación Nacional de Pescadores a Pequeña Escala o Artesañales de Colombia v. Dow Química de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). By clear and convincing evidence, the Court finds that at the time of the filing of the Complaint—and indeed still today—the

amount in controversy exceeded $75,000.  *See* [Doc. 1] at 3–4 (Defendant's Notice of Removal, alleging facts supporting more than $75,000 in controversy).

## Conclusion

The Court finds by a preponderance of the evidence that the parties were completely diverse at the time of the filing of the Complaint and, in fact, have been diverse since. Additionally, based on a preponderance of the evidence, the Court finds that at the time of the filing of the Complaint, and also at the time of removal, that the amount in controversy exceeded $75,000.  Accordingly, this Court has jurisdiction over this action.  *See* § 1332.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Remand [Doc. 159] is **DENIED**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**