## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MELVIN SMITH and STAN FOWLER,**

    **Plaintiffs,**[1]

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**No. 15-cv-1153 SMV/GBW**

**AUTO-OWNERS INSURANCE COMPANY,**

    **Defendant.**

## ORDER FOR SUPPLEMENTAL AUTHORITY

THIS MATTER is before the Court on the competing motions regarding the settlement agreement allegedly reached between the parties in February of 2018. [Docs. 176, 180]. The motions are fully briefed, [Docs. 179, 181, 182, 183], and oral argument is set for May 23, 2018, [Doc. 186]. In advance of the hearing, the Court invites the parties to file certain supplemental authority on the record **no later than 12:00 p.m., noon, on May 21, 2018**. **Each side's filing is limited to seven pages; no responses or replies are permitted.**

The parties seem to dispute whether Plaintiff agreed to sign a settlement agreement and release ("release") as part of the agreement to settle the case. Further, assuming that Plaintiff agreed to sign a release (or is willing now to sign one), the parties cannot agree on the language of the release.[2]

"[A] party can be considered bound by a settlement even if certain details are not worked out, if such details are *not essential to the proposal* or *cause a change in the terms or purpose to*

---

[1] Judgment was entered in favor of Plaintiff Stan Fowler on November 2, 2016, after he accepted Defendant's offer of judgment. [Doc. 84]. Melvin Smith is the sole remaining Plaintiff in this case.

[2] Defendant also requires that a W-9 be completed for Plaintiff's counsel's law office, Sherman and Sherman, before it tenders any settlement funds. [Doc. 180] at 5; [Doc. 183] at 7.

*be accomplished* by the settlement." *Jones v. United Minerals Corp.*, 1979-NMSC-103, ¶ 13, 93 N.M. 706 (emphases added); *see also Carter v. New Mexico, Dep't of Homeland Sec. & Emergency. Mgmt.*, No. A-1-CA-35143, mem. op. at ¶¶ 29, 30, 37 (N.M. Ct. App. Dec. 7, 2017) (non-precedential), 2017 N.M. App. Unpub. LEXIS 443, at *19–20, 25–26 (affirming the district court's order enforcing a settlement agreement). In other words, a settlement agreement can be enforced as long as the *material* terms have been agreed to.

Thus, the Court invites the parties to file supplemental authority addressing whether the terms in dispute here—the signing of a release and a W-9 for Sherman and Sherman—are *material* to the settlement agreement. If the disputed terms are material, then the supplemental authority should address whether there is any enforceable settlement agreement at all. If the disputed terms are not material, then the supplemental authority should address whether the settlement agreement should be enforced without the disputed terms.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that each side submit its supplemental authority **no later than 12:00 p.m., noon, on May 21, 2018**. **Each side's filing is limited to seven pages; no responses or replies are permitted.**

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**